HALL et al. v. DAVISON.    (No. 6799.)

(Court of Civil Appeals of Texas.    Galveston. April 7, 1915.    Rehearing Denied May 6, 1915.)

1. CERTIORARI &#8658;42 — PETITION — SUFFICIENCY.

A petition, to be sufficient to bring up for review the action of the county court in admitting a will to probate, should state the facts showing the purported will was void; hence a petition for certiorari which merely alleged that the purported will was void and prayed that it be set aside is insufficient.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 64–73, 75–79, 81–84, 87; Dec. Dig. &#8658;42.]

2. EXECUTORS AND ADMINISTRATORS &#8658;35— REMOVAL OF TEMPORARY ADMINISTRATOR— REVIEW.

Where a will appointing the testator's wife an independent executrix was admitted to probate, one appointed temporary administrator cannot complain of an illegal order removing him; the wife being entitled to administer the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. &#8658;35.]

3. CERTIORARI &#8658;42—PETITION—AMENDMENT.

Rev. St. 1911, art. 734, provides that all applications for writ of certiorari to the county court shall distinctly set forth the error in the proceedings sought to be reviewed, while article 740 declares that the cause shall be tried de novo, but the issues shall be confined to the grounds of error specified in the application for the writ. The original petition for a writ to review the action of the county court admitting a will to probate did not set forth the facts showing its invalidity, but only prayed that the purported will be set aside. Held, that the denial of leave to file an amended petition alleging want of capacity, and that the will was not that of the testator, was not error; for it changed the cause of action upon which the writ of certiorari was granted.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 64–73, 75–79, 81–84, 87; Dec. Dig. &#8658;42.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Application by Mary J. Davison to probate a will, opposed by Henry S. Hall and others. Letters testamentary being granted proponent contestants brought certiorari. From a judgment dismissing the writ, certain contestants appeal. Affirmed.

Geo. G. Clough and Aubrey Fuller, both of Galveston, for appellants. Holland & Holland, of Orange, for appellee.

McMEANS, J.    On May 18, 1909, Mary J. Davison, the surviving wife of William Davison, deceased, filed in the county court of Newton county application to probate the will of the deceased. The will was presented with the application, and by its terms made certain bequests to the children and wife of the deceased, and appointed the wife, appellee here, sole executrix of his estate without bond. On June 18, 1910, John R. Davison and Mary A. Hall filed a contest, and on the same day H. S. Hall, one of the appellants, filed his application to be ap-

pointed temporary administrator and was so appointed. On July 8, 1910, Hall and the contestants of the will filed their application to continue the cause for the term, and on July 9th an order was entered continuing Hall as temporary administrator until the decision of the contest.

On July 9, 1910, a special judge was duly elected and qualified. A motion was made to vacate and set aside the order made the same day on the ground that it was entered on an ex parte hearing before the county judge at his residence, where he was confined by sickness, and at a time when court was not in session, which motion was granted. There was a trial, and the will offered by appellee as the last will of William Davison, deceased, was probated, and letters testamentary granted to appellee.

On July 8, 1911, Henry S. Hall, individually and as temporary administrator, complaining of appellee individually and as independent executrix of the estate of William Davison, deceased, and as temporary administratrix, filed his petition for certiorari, which was granted, and he gave the required bond. Defendant (appellee) filed motion to dismiss the certiorari. On March 21, 1914, appellant Henry S. Hall filed an amended petition, and on March 24, 1914, appellee filed a motion to strike out the amended petition and dismiss the cause on the additional grounds that all persons adversely interested were not made parties, and that the pleading stated a new cause of action shown to be barred by limitation. On March 25th both motions presented by appellee were sustained and the certiorari dismissed. Thereafter appellant asked leave to file a second amended petition, and permission to do so was denied. From the judgment of dismissal Hall, and John R. Davison, who joined him in the contest, have appealed.

Appellant in his petition for certiorari alleged, in substance, that on April ———, 1910, William Davison died, and there was filed in the county court what purported to be a written will; that plaintiffs contested the validity of the will by written contest filed in said county court, and on the 18th of June plaintiff secured appointment of himself as temporary administrator, and he qualified in the terms of the law, and that thereafter, on the ——— day of June, 1910, the defendant filed her application to be appointed temporary administratrix, and to remove plaintiff, which was heard June 21, 1910, and denied; that thereafter her attorneys removed her application from the file for the purpose of defeating the jurisdiction of the court, and thereafter, without appealing from the order and decree of the county court refusing to appoint her temporary administratrix, they filed another motion to remove plaintiff, which was pending at the July term of the county court;

that said second motion was not heard, because of illness of the county judge, and a continuance was granted until the next term on said matter, and entered of record; that thereupon plaintiff's attorneys, who lived in Galveston, departed, and during their absence defendant, through her attorneys, procured an attorney from Orange county, and on the 9th of July, 1910, they proceeded to go through the form of electing said attorney special judge, and he assumed the bench and set aside the order of continuance entered by the regular county judge, and without any notice to plaintiffs or their attorneys proceeded to probate said will; that said attorney was not a resident of Newton county, and that as soon as he, acting as such special judge, concluded the hearing of this probate matter, he at once adjourned court for the entire term, and left for Orange, being at said county seat of Newton county less than four hours; that there was a large volume of other civil, criminal, and probate business to be transacted, but that said adjournment was for the purpose of denying to plaintiff a hearing upon said matter when they became informed of said illegal acts; that all of said acts were a violation of the law, and said attorney acting as special judge, was disqualified, and an attack was made upon the action of the special judge in pretending to set aside the orders, judgments, and decrees of the regular judge for such probate matter; that the effort of Mary J. Davison to remove plaintiff by her second motion was res adjudicata, and that there had been no appeal from said order; that the said Mary J. Davison was usurping the power of the temporary administrator. It was prayed that a writ of certiorari be granted, and that upon hearing hereof the action of the said special judge be set aside, and that the action of the county judge in deciding said contest against contestants, and in admitting said will to probate, be reviewed, and that the order admitting said will to probate be set aside, and the probate of said will be tried anew, and that the motion of the said Mary J. Davison to remove plaintiff, and for her appointment as temporary administratrix pending the contest, be set aside, and the matter heard and tried anew, and that upon such trial in this court that the will be not admitted to probate, and that plaintiff have judgment on his contest thereof.

[1] The motion to dismiss was in the nature of general demurrers to the petition for certiorari, and we think they were properly sustained. It might be gathered from the petition that the purpose of the appeal was to obtain a review by the district court of the action of the county court in admitting the will to probate, as well as in removing the applicant as temporary administrator, and appointing the executrix in his stead. But a petition, to be sufficient to bring into

review the action of the county court in admitting the will to probate, should state the facts upon which it is relied to show that the purported will was void, or otherwise not entitled to probate; and the petition was wholly insufficient in this regard.

In Jirou v. Jirou, 136 S. W. 496, it is held that:

"The petition for certiorari, to be sufficient, must allege facts which, if true, would require the rendition of a different judgment upon the merits of the case from the order appealed from."

Article 734, Revised Statutes 1911, provides:

"All applications for the writ of certiorari to the county court shall be made to the district court, or judge thereof. *It* * * * *shall distinctly set forth the error in the proceeding sought to be revised.*"

Article 740 provides:

"The cause shall be tried de novo in the district court, *but the issues shall be confined to the grounds of error specified in the application for the writ.*"

The italics are ours.

The only allegations of the petition that would indicate the object of the appellant in removing the proceedings to the district court was to obtain a review of the action of the county court in probating the will were that there had been filed in the county court "what purported to be a written will executed by the said Wm. Davison, deceased," and that appellant and others contested the validity of said will in the county court, and the prayer that the order admitting the will to probate be set aside. No facts were stated to show the grounds upon which such contest was based and relied upon by the contestants to have the will declared void, and its probate denied. It is clear, we think, that the petition for certiorari was wholly insufficient as a basis for a review of the action of the county court in admitting the will to probate, and that therefore the action of the district court in sustaining the motion to dismiss was not error.

[2] The will having been admitted to probate, and Mrs. Davison having been by the terms of the will appointed independent executrix, her right to thereafter administer the estate became absolute, and the rights of the temporary administrator thereupon ceased, and therefore the action of the county court in removing the said Hall as such administrator, even if he were wrongfully removed, was thereafter unimportant and immaterial.

[3] The only question that remains to be determined is whether the court erred in striking out the amended petition filed by appellant after objections to the petition, upon which the writ was granted, had been presented.

The amended petition, in addition to the allegations of the petition for certiorari, set up that the will sought to be probated was not the last will and testament of the deceased, and, further, that at the time of its execution the testator was not of sound mind and memory, and was incapable of making proper disposition of his property, and incapable of properly attending to his ordinary business affairs, and that by reason of his disordered mind, arising from serious bodily illness, he was incapable in law of making a will; that he did not possess sufficient mental capacity to know the nature of the business he was engaged in, the extent of his property, and the persons whom he wished to provide for; and that the will was not executed in manner and form as required by law, and not attested as required by law.

It will be observed that the amended petition set up, in the respects just stated, entirely different grounds for review by the district court of the proceedings of the county court than those alleged in the petition upon which the writ was granted, and to that extent a different cause of action, and alleged an error in the proceedings not "distinctly set forth" in the application for the writ. To try the case upon the grounds alleged in the amendment would not be confining the issues "to the grounds of error specified in the application for the writ," as the statute requires. The fact that the trial is to be de novo implies that the applicant may amend his pleadings, but this, we think, applies to the original case as made in his application for the writ, and does not give a right to make a new case by an amendment which sets up grounds of error not specified in the application for the writ, and seeks a revision of an error in the proceedings which was not sought in the application to be revised.

We have concluded that the action of the court in striking out the amendment was not error. Other questions presented by appellants in their brief are deemed to be without merit.

The judgment of the court below is affirmed.

Affirmed.