A. L. CROUCH, Probate Judge, Appellant,

v.

Ollie STANLEY, Administrator, Appellee.

No. 16283.

Court of Civil Appeals of Texas.

Fort Worth.

July 14, 1961.

Cecil A. Morgan, and Ernest May, Fort Worth, for appellant.

Clyde & Barnes, and Eva Barnes, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from an order granting a temporary injunction. Appellant A. L. Crouch is the Judge of the County Probate Court of Tarrant County, Texas, and he will ordinarily hereinafter be referred to as the Judge of the Probate Court. Appellee Ollie Stanley is the administrator of the estate of William Roy Greene, deceased. Administration of said estate is ordinary in character and is not an independent administration.

An order entered following a hearing in the Probate Court purported to remove Mr. Stanley as the administrator of the estate in question. From this order an appeal was taken to the District Court. Thereafter an order was entered in the Probate Court by the Judge thereof which purported to appoint one Mr. Farrar as either an additional administrator or as substitute administrator of the Greene estate. Administrator Stanley filed an injunction suit in the same district court where the aforementioned appeal was pending, seeking and obtaining an injunction against the Judge of the Probate Court, and against the Mr. Farrar whom the order had appointed associate or substitute administrator. Following the hearing in the District Court, judgment order was entered granting temporary injunction as prayed for.

From said order the Judge of the Probate Court has perfected an appeal. Adverting to the brief filed, it is to be observed that the points presented are in behalf of only the Probate Judge and not in behalf of Mr. Farrar. The clerk of this court has therefore been directed to delete Mr. Farrar as a party appellant in this court and we disregard any questions on appeal other than as related to the propriety of that part of the trial court's order in temporary injunction which reads as follows: "* * * and the said A. L. Crouch;

Probate Judge, is hereby enjoined from appointing any more successor administrators, temporary administrators, appraisers, attorneys, or entering any orders, incurring any additional unnecessary expenses or doing anything in the Estate of William Roy Greene, Deceased."

■ Assuming that the order of the Probate Court improperly removed Mr. Stanley as the administrator for the estate it would nevertheless be true that his appeal therefrom preserved his status as administrator and he will continue to be such pending a trial de novo in the District Court, and at least until such time as the judgment of that court shall become final. Power to remove a person from his office as an administrator for the estate of a decedent is given by law, in the first instance, to the Probate Court. Such a person who considers himself aggrieved by such an order of removal is given by law the remedy of an appeal to the District Court for a trial de novo. If the remedy of appeal was not so given the District Court would not have any jurisdiction to interfere with the order of removal, for courts of equity will not interfere to protect a person from removal from office by a man or body of men to whom such power of removal is given by law.

Thus the situation is clarified. Mr. Stanley, administrator, whose case was pending before the District Court for a trial de novo upon the matter of the propriety of his being removed from that office, sought and obtained from said court an order of temporary injunction which purported to prohibit the Probate Court and Judge thereof from not only appointing another or other administrators in addition to himself or in his place and stead, but furthermore from entering any other orders pursuant to the administration pending and in progress or from "doing anything" in the matter of the estate for which he was administrator.

■ Only by way of an original proceeding for injunction, not necessarily related to the matter of the propriety of Mr. Stanley's removal from office, could the District Court have possibly become vested with jurisdiction to interfere with the administration of the estate by the Probate Court,—and then only upon the institution of an action by Mr. Stanley in his capacity as administrator and for and in behalf of the estate (as distinguishable from a petition for relief in his individual and personal interest), upon sufficient representation to the District Court that some action threatened by the Judge of the Probate Court amounted to and constituted a gross abuse of discretion or that the threatened action, to the detriment of the welfare and interest of the estate, originated in and was based upon fraud. That this would be true is obvious when it is noted that there is no question in the instant case but that the action of the Judge of the Probate Court is not in violation of law, or without authority, and not in excess of his authority or jurisdiction.

■ Examination of Mr. Stanley's pleadings discloses that his appearance in the equitable proceeding of injunction was in his capacity as administrator, in connection with his individual and personal interest in maintaining his status as such rather than in connection with any actual representation of the interest of the estate. It is true that the allegations of the petition for injunction assert that certain acts of the Judge, which are indisputably actions of the Probate Court rather than by the Judge in any individual capacity, will constitute waste to the irreparable damage of the estate under administration. However, the langauge of the petition falls short of any actual allegation of gross abuse of discretion or that the action of the Probate Judge originated in and was based upon fraud. Furthermore, the evidence in the record would have wholly failed to substantiate any such character of pleading even had there been no deficiency in the respects mentioned. It is therefore obvious that the District Court erred in its entry of the all encompassing temporary in-

junction; it purported to interfere with all the elements of the administration in progress.

In view of what we have said it would appear that our consideration must be narrowed to an inquiry as to whether the injunction should be disturbed in its prohibition of the Probate Judge from appointing any other or additional administrator for the Greene Estate pending the trial de novo in the District Court on Mr. Stanley's appeal. Clearly this would constitute the only element in the injunctive relief decreed which might be considered as a proper subject for equitable relief.

We cannot know, in view of the state of the record before us, but that some statute of limitation might be running against a claim of the estate. Of course it might be that we should presume that Mr. Stanley, as the administrator, would take action in behalf of the estate to bring and prosecute a suit upon such claim. Indeed, speaking personally rather than judicially, we have no doubt that any necessary action would be taken. But if he should deem such character of action unwise from the standpoint of the interest of the estate, or even if he should be derelict in some duty to bring the action and such come to the attention of the Probate Court in time for it to order that such a suit be filed by him in the performance of his duty as the administrator,—should the Probate Court be left helpless to provide another in his place and stead to institute and prosecute such a suit in the event he should refuse to obey the court's order? We think not.

If the injunction to the extent under consideration be undisturbed, the Probate Court would be helpless to protect the interests of the estate such court is charged by law to administer, in the event of such a contingency, and the estate's beneficiaries would be left with recourse solely confined to damages against the administrator and the sureties on his bond. In a situation such as that hypothesized, and where the Probate Court might attempt to appoint an adminis-

trator to bring and prosecute a suit in behalf of the estate, such attempted appointment might be stayed through the office of an appeal from the order of appointment. Pursuant to such proceedings the Probate Court would be empowered, through requirement of new or additional bond, more adequately to protect the interests of the estate in the event it be ultimately determined that the administrator's refusal to institute such suit actually operated to the detriment of the estate and the beneficiaries thereof.

As applied to the suit for injunctive relief the status quo of the situation under consideration could not be a condition of affairs where the Probate Court and the Judge thereof would be rendered helpless to either insist upon the administrator's performance of specific duties of administration or that he provide adequate security to the estate because of any nonperformance,—alternative to the court's right to provide by appointment of another administrator an agency for the designated act of performance. Yet such would be the condition in which the Judge of the Probate Court would find himself under the supposed situation and in others possible to be hypothesized where injunctive relief under consideration be permitted undisturbed.

We are of the opinion, therefore, under the state of the record before us, that the injunction cannot be allowed to stand even in respect to its prohibition of an appointment by the Probate Court of any other administrator. Mr. Stanley must be left to his remedy at law in his right to appeal from an order of the Probate Court, should one be entered appointing another administrator.

The judgment of the District Court which enjoins action of the Judge of the Probate Court of Tarrant County is reversed and the temporary injunction is dissolved. Costs of the appeal taken are adjudged against Ollie Stanley, individually.