# EX PARTE RUFUS LINDLEY

No. A-8708.   Decided January 24, 1962
Rehearing Denied March 14, 1962
354 S.W. 2d 364

CHIEF JUSTICE CALVERT and JUSTICE GRIFFIN dissented.

*Joe N. Chapman,* Sulphur Springs, for relator.

*Woodrow Edwards,* Mt. Vernon, *Howard Smith,* Sulphur Springs, for appellee.

ASSOCIATE JUSTICE JOE GREENHILL delivered the opinion of the Court.

Rufus Lindley was the temporary administrator of an estate. The probate court which had appointed him entered an order removing him and appointing another in his place. The order directed Lindley to turn over the estate to his successor. He declined to do so, appealed to the district court, and posted bond. It was his contention that upon the appeal and the posting of bond, the order of the probate court was vacated and superseded. The probate court disagreed. Upon Lindley's refusal to comply with the order, he was held to be in contempt of court. Hence this habeas corpus proceeding. The question here is whether Lindley's appeal did supersede or vacate the order removing him. If it did, the probate court was without power to adjudge him in contempt.

The pertinent facts, as we understand them from the briefs and oral argument, are these: Sallie Lindley was the aged mother of Rufus Lindley and the grandmother of J. G. Lindley and Juanita Lindley Irons. Sallie Lindley died, and the grandchildren (who were adults) presented her will for probate. Rufus Lindley was dissatisfied with his mother's will. (He was left $1.00.) So he and others contested the will. Meanwhile, the probate court appointed Rufus temporary administrator (with limited powers) of his mother's estate.

Sallie Lindley's will was admitted to probate. Rufus appealed. Upon the will contest in the district court, the jury was unable to agree on the issues of testamentary capacity and undue influence. The contest ended in a mistrial.

The grandchildren thereupon requested the probate court

to remove Rufus as temporary administrator. The probate court did remove Rufus for three reasons: (1) he had failed to file an inventory and appraisement within 60 days; (2) he had failed to file an annual account; and (3) it would be to the best interest of the estate if a disinterested person, one not engaged in the will contest, were temporary administrator.

In the same order, the court appointed H. J. Mahaffey temporary administrator, again with limited powers of collecting certain moneys due the estate, paying its operating expenses, renting properties, and doing other acts necessary to preserve the estate. The order also directed Rufus to turn over the records and assets of the estate and to file an accounting.

Rufus excepted to the order and gave notice of appeal to the district court. The court fixed his bond at $1,000. Pursuant to Rule 332 of the Texas Rules of Civil Procedure, the conditions of the bond were that Rufus Lindley "shall prosecute said appeal to effect, and perform the decision, orders, decree or judgment which the District Court shall make thereon in case the cause shall be decided against him".

■ Notwithstanding the notice of appeal and the posting of the bond, the probate court directed Rufus to comply with his order to turn over the estate to Mahaffey. As stated, he refused. After notice and hearing, Rufus was held in contempt and this habeas corpus proceeding followed.

Section 28 of the Texas Probate Code begins: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the court shall have the right to appeal therefrom to the district court of the county."

■ Unquestionably, therefore, Rufus had the right to appeal his removal. The question is whether he has the right to continue to act pending the appeal. Section 28 continues:

"Pending appeals from orders or judgments appointing administrators or guardians or temporary administrators * * * the appointees shall continue to act as such and shall continue the prosecution of any suits then pending * * *. If on appeal from the county court, a different administrator or guardian is appointed, he shall be substituted in such suits."

If this portion of Section 28 is viewed from the standpoint of an original appointment of a temporary administrator, it is

clear that Section 28 means that the appointment shall *not* be superseded on appeal. It states that "pending appeals * * * the appointee[s] shall continue to act as such * * * ." There is good reason why this order should not be superseded: if the court has appointed a temporary administrator and exception is taken to the appointment, the court would be left with no temporary administrator if the appointment were appealed and superseded.

■ The statute does not purport specifically to deal with the removal of a temporary administrator and the appointment of a successor. Did the Legislature intend that Section 28 have two different applications: (1) that an order originally appointing a temporary administrator may not be superseded, but (2) an order removing him and appointing another may be superseded and held for naught pending appeal? We think not.

Counsel for Rufus Lindley argues forcefully that where Section 28 says "pending appeals * * * the appointee[s] shall continue to act," it must mean here that the original appointee shall continue to act because since the successor trustee has not yet acted, he could not "continue to act". The argument has logic. It and the fact that the bond is worded like a supersedeas bond caused us to set this case down for oral argument. But we have concluded that it was the legislative intent that the order removing Rufus Lindley and appointing a successor was not subject to being vacated and superseded by appeal. This is consistent with the directive in Section 28 that the order originally appointing a temporary administrator shall not be superseded ("he shall continue to act upon appeal"), and it is in harmony with other general policies fixed by the Legislature with regard to the probate court and its relationship to temporary administrators.

As we view these statutes, we conclude that it is the general legislative intent that the temporary administrator is but an officer or agent of the court to assist the court in the temporary administration of estates. Thus, in Section 131 of the Probate Code, the court is authorized to appoint a temporary administrator whenever it appears to the court that one is necessary. He gives the appointee such limited powers as may be required. Subsection (c) of that Section provides that the order making the appointment shall continue *"for such period of time as the court shall deem in the best interest of the estate";* or until the appointment is made permanent. This evidences an intent that the court shall have control over the appointment and the tenure of a temporary administrator.

Section 133 also evidences a general intent that the probate court should have the power to control the temporary administration of estates and the temporary administrator that he appoints. That section says that the temporary administrators shall "have and exercise *only* such rights and powers as are specifically expressed in the order of the court appointing them * * * Any acts performed by temporary administrators that are not so expressly authorized shall be void."

Thus the temporary administrator is a creature of the statutes with only such limited powers as the court deems necessary. His powers are shaped by the probate court to fit the needs of each particular case. He has no vested interest or right in the position. His principal object is to preserve the estate until it can pass into the hands of a person fully authorized to administer it for the benefit of creditors, heirs, devisees and legatees. *Dull v. Drake,* 68 Texas 205, 4 S.W. 364 (1887); *Fenimore v. Youngs,* 119 Texas 159, 26 S.W. 2d 195 (1930). As we read the statutes, the policy of giving the probate court power to control estates and the administrator during a temporary administration outweighs the asserted right of a temporary administrator to maintain himself in office during the appeal of an order removing him for cause and appointing his successor. Our conclusion is that "the appointee" who shall continue to act pending appeal is the appointee, whether original or subsequent, who is the current choice of the probate court.

There is language in *Crouch v. Stanley,* 348 S.W. 2d 543 (Texas Civ. App. 1961) which would indicate a contrary conclusion. That case did not reach this court, and we are not persuaded by that opinion. Any language in the *Crouch* opinion contrary to this opinion is disapproved.

Rufus Lindley is remanded to the sheriff of Hopkins County.

Opinion delivered January 24, 1962.

CHIEF JUSTICE CALVERT and ASSOCIATE JUSTICE GRIFFIN dissenting.