**A. L. CROUCH, Probate Judge, Appellant,**

**v.**

**Ollie STANLEY, Administrator, Appellee.**

**No. 3952.**

Court of Civil Appeals of Texas.

Eastland.

April 30, 1965.

Rehearing Denied May 28, 1965.

See also Tex.Civ.App., 348 S.W.2d 543.

--------◆--------

A. L. Crouch, Ft. Worth, for appellant.

Clyde, Hines & Craig, Al Clyde, Ft. Worth, for appellee.

## PER CURIAM.

Edward J. Green, an heir of the estate of William Roy Green, deceased, instituted this proceeding against A. L. Crouch, Probate Judge of Tarrant County, praying for a writ of mandamus to require the Probate Judge to cause notice to issue for the purpose of holding a hearing on the final accounting of Ollie Stanley, administrator of the estate of said William Roy Green, deceased; to require that the Probate Judge hold such a hearing and either approve or disapprove the account filed by the said administrator. Ollie Stanley as administrator thereafter filed a plea of intervention and prayed for the same relief sought by the original petitioner, Edward J. Green. Judge Crouch filed a number of pleas in abatement and denial and various other motions, including a motion for jury trial.

Upon a hearing of the cause the various motions and pleadings of the respondent, Judge Crouch, were overruled and he refused to take further part in the proceedings. The court then proceeded with a hearing on the merits. The Honorable Ernest May, who had been appointed as attorney ad litem for the respondent represented him in the continuation of the trial. After hearing the testimony the court found that the petitioner, Edward J. Green, was not entitled to the relief prayed for. The court further found, however, that Ollie Stanley, the administrator of the estate of William Roy Green, deceased, was entitled

to the relief sought by him; that he had filed his final accounting on August 22, 1963, and that the respondent probate judge had failed and refused to take any action thereon. The court found that the respondent should be required to comply with the terms of Article 407 of the Probate Code of Texas, V.A.T.S. and set a time and place when such accounting would be considered by him, and that respondent should determine to whom notices should be directed by written order and in compliance with article 408 of the Probate Code to hold a hearing upon the matter and audit and settle or restate the account "if the same be necessary." The court also filed findings of fact and conclusions of law.

The court found as a matter of law that respondent was not entitled to a jury trial; that the appointment of attorneys ad litem was proper under all the facts and circumstances; that the trial court was not disqualified to hear the case; that the action of respondent in failing and refusing to take any action on the final account filed by the administrator was capricious and arbitrary and a clear abuse of discretion; that the intervenor, Ollie Stanley, as administrator, was entitled to relief by way of mandamus to require the respondent to act and rule upon the final account of the administrator, and that the petitioner Edward J. Green, should be denied the relief for which he prayed. The respondent, Judge A. L. Crouch, gave notice of appeal. The appeal has been transferred to this court by order of the Supreme Court of Texas. We overrule appellant's contention that the trial court was disqualified to hear the case. We are of the opinion from a consideration of the record as a whole that the action of the court in appointing an attorney ad litem does not constitute reversible error.

■ Appellee alleged and there is ample evidence showing that he is the duly appointed, qualified and acting administrator of the estate of William Roy Green, deceased. We overrule appellant's conten-

tion to the contrary. Appellee has served in such capacity since February of 1959. He was removed as administrator by the Probate Judge but appealed to the 48th District Court of Tarrant County. The trial in the District Court in such cases is de novo and the burden was on those who sought to remove the administrator to proceed. No further action has been taken although the appeal has been pending for about three years. Pending hearing and final judgment in the District Court appellee retained his status as administrator. Crouch v. Stanley, Tex.Civ.App., 348 S.W.2d 543.

Appellee alleged and the evidence shows that on August 22, 1963, the administrator filed his final account and prayed that the required notices be given, a time set for hearing and action taken by the Probate Judge as provided by sections 407 and 408 of the Probate Code. Article 407 of the Probate Code which concerns citation upon presentation of an account for final settlement makes provision for notice including the following:

"1. In case of the estates of deceased persons, such notice as shall be directed by the court by written order."

"5. If the court deems further additional notice necessary, including publication, it shall require the same by written order."

Article 408, Probate Code, provides as follows:

"(a) Upon being satisfied that citation has been duly served upon all persons interested in the estate, the court shall examine the account for final settlement and the vouchers accompanying the same, and, after hearing all exceptions or objections thereto, and evidence in support of or against such account, it shall audit and settle the same, and restate it if that be necessary."

■ Article 407, supra, calls for positive action by the court upon the filing of the final account and does not leave the court any discretion as to the requirement for the issuance of notice for a hearing, and for action to be taken as required by Article 408. We overrule appellant's contention that the matter of notice and hearing was within his discretion. Appellant's duty under the circumstances was ministerial and he was not legally justified in his refusal to require the issuance of notice and to hold a hearing. Crouch v. Shields, Tex.Civ.App., 385 S.W.2d 580, (Ref.N.R.E.). Appellee alleged the existence of such facts and his petition was not fatally defective. The petition was properly verified, showed a clear right to the relief sought, a present compelling necessity therefor, and a clear duty on the part of the appellant Probate Judge which he refused to perform.

■ We overrule appellant's point contending that the jurisdiction of the District Court in probate matters is limited to appellate jurisdiction and that the mandamus granted by the District Court in the instant case was beyond the power and jurisdiction of that court. District Courts are vested with authority to issue original writs of mandamus under the provisions of Article V, Sec. 8 of the Constitution of Texas, Vernon's Ann.St. A District Court has jurisdiction to entertain a petition for a writ of mandamus under proper circumstances, one of such circumstances being where, as here, there has been a failure of a public official to perform a ministerial duty. Crouch v. Shields, supra; Alice National Bank v. Edwards, Tex.Civ.App., 383 S.W.2d 482, and cases cited therein.

■ We also overrule appellant's contention that the court erred in refusing his request for a jury. The pleadings raised no material issue of fact for jury determination. The material issue involved under the pleadings is whether appellant failed and refused to perform a ministerial duty imposed upon him by the Probate Code. As heretofore noted the record shows that the administrator has filed his final account

and shows, which appellant does not deny, that he has failed and refused to act upon the final account filed by the administrator. Appellant seeks only to justify his failure and refusal to act. This presents questions of law for the court and does not involve an issue of fact for a jury.

Appellee alleged and the evidence shows that since the filing of said final account and up until the filing of this suit on March 24, 1964, and until the time of the trial respondent has continuously failed and refused to take any action upon the matter and has failed to cause the required notices to issue or to set a hearing or to make any ruling upon said account, either by approving, disapproving, auditing and restating the same, or entering an order refusing to consider such account. Stated otherwise, the record shows that appellant Probate Judge has failed to perform a ministerial duty required by the Probate Code of Texas. Appellant does not deny his refusal to act, but, rather confirms the fact of his refusal by urging numerous reasons why he should not be required to do so.

■ We cannot agree with appellant's contention that the mandamus was not proper in that the evidence shows no demand upon him for any of the relief sought before the filing of this suit. The undisputed evidence shows the filing of the account by the administrator, shows a letter to the Probate Judge from the attorney of the administrator specifically requesting the Judge to permit the submission of the final account, requesting that the court cause proper notices to issue and offering if the court desired to prepare such proper notices as the court might direct.

■ What the District Court did was to direct appellant as Probate Judge to cause notices to be issued and to hold a hearing as required by Sections 407 and 408 of the Probate Code. There was no attempt by the District Court to tell the Probate Court what action should be taken upon such hearing, but only that the notices

should issue, that the hearing should be held and that some disposition be made of the final account. The ultimate and only material question on this appeal is whether such action by the District Court is proper. In our opinion it was.

Numerous other matters and contentions are shown in the record and are here urged which, in our opinion, are not material to the determination of the appeal. It would serve no purpose to enumerate and discuss such matters which would only encumber the record. We have carefully considered the entire record and are of the opinion that the action of the District Court in granting the mandamus was proper.

The judgment is affirmed.