David W. **BYWATERS**, Appellant,

v.

Walter F. **JOYCE**, Appellee.

No. 16703.

Court of Civil Appeals of Texas.

Dallas.

Feb. 11, 1966.

Rehearing Denied March 4, 1966.

Rosenfield, Berwald & Mittenthal, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, and Sol Goodell, Dallas, for appellee.

PER CURIAM.

Appellant appeals from an order denying his application for a temporary injunction. The trial court decided the case on the following stipulated facts:

Ruth E. Joyce died December 19, 1964 leaving a will by which her entire estate was devised to her three minor children (who are also the children of appellee Walter F. Joyce), and appointing her parents, residents of Duluth, Minnesota, as independent executors of her estate. The parents resigned as independent executors on May 24, 1965. On that date David W. Bywaters was appointed Administrator, with Will Annexed, in the Estate of Ruth E. Joyce, Deceased, by the Probate Judge of Dallas County. Appellant Bywaters duly qualified by filing bond and oath. Appellee Walter F. Joyce perfected his appeal from the order of the probate court appointing Bywaters, such appeal now being pending in the 95th District Court of Dallas County, Texas.

On June 2, 1965 appellee Joyce filed an application in the Probate Court of Dallas County, Texas to set aside and revoke the appointment of appellant Bywaters as Administrator, with the Will Annexed, and to appoint him, Joyce, as Successor Administrator. On July 26, 1965 the probate court entered an order revoking the appointment of David W. Bywaters as Administrator, with the Will Annexed, and appointed Walter F. Joyce as Successor Administrator, from which order Bywaters duly appealed to the District Court of Dallas County, said case now being pending in the 116th District Court. On July 28, 1965 appellee Joyce qualified as Successor Administrator by filing his bond and oath, and has, since such date, been acting as Successor Administrator, with the Will Annexed, of the Estate of Ruth E. Joyce, Deceased.

Appellee Joyce, as Successor Administrator, has demanded of the said David W. Bywaters, appellant herein, possession of all assets belonging to the Estate of Ruth E. Joyce, Deceased, and such has been refused.

David W. Bywaters, appellant, has been prevented from carrying out any duties as Administrator, with the Will Annexed, of the Estate of Ruth E. Joyce, Deceased, by the action on the part of appellee Joyce, as aforesaid.

Appellant Bywaters sought the issuance of a temporary injunction from the district court restraining appellee Joyce from performing any duties as Successor Administrator pending the determination of the appeal which has been perfected from the order removing Bywaters as Administrator and to preserve the *status quo*. The district court denied the temporary injunction and appellant appeals.

OPINION

Although three points are presented by appellant his contention is narrowed to the proposition that his appeal from the order of the probate court removing him as Administrator, supported by a bond, had the legal effect of suspending the order of the probate court pending trial of the issue in the district court, and that the probate court had no right nor authority to appoint appellee as Successor Administrator to take over and handle the affairs of the estate.

Vernon's Annotated Statutes, Probate Code, Section 28, specifically provides that:

"Pending appeals from orders or judgments appointing administrators or guardians or temporary administrators or guardians, the appointees shall continue to act as such and shall continue the prosecution of any suits then pending in favor of the estate."

Appellant argues that perforce, Section 28 of the Probate Code he, and he alone, has the right and power to perform the duties of administrator of the estate in question pending appeal from the order removing him.

We think that the answer to the question here presented has been definitely decided by our Supreme Court, contrary to the con-

tention of appellant, in Ex parte Lindley, 163 Tex. 301, 354 S.W.2d 364. In that case Lindley was appointed temporary administrator pending a will contest and subsequently the probate court removed him and appointed a successor and directed him to turn the estate over to his successor. Lindley duly appealed from this order to the district court and filed an appeal bond. Contending that his appeal suspended the order removing him, he declined to turn over the estate to his successor and the probate court held him in contempt of court. In an original habeas corpus proceeding in the Supreme Court that tribunal affirmed the contempt order and remanded Lindley to the sheriff. In doing so the Supreme Court said:

"The question here is whether Lindley's appeal did supersede or vacate the order removing him. If it did, the probate court was without power to adjudge him in contempt. * * *

"The question is whether he has the right to continue to act pending the appeal * * *.

"There is good reason why this order should not be superseded: if the court has appointed a temporary administrator and exception is taken to the appointment, the court would be left with no temporary administrator if the appointment were appealed and superseded.

"The statute does not purport specifically to deal with the removal of a temporary administrator and the appointment of a successor. Did the Legislature intend that Section 28 have two different applications: (1) that an order originally appointing a temporary administrator may not be superseded, but (2) an order removing him and appointing another may be superseded and held for naught pending appeal? We think not.

" * * * we have concluded that it was the legislative intent that the order

removing Rufus Lindley and appointing a successor was not subject to being vacated and superseded by appeal. * * *

"As we read the statutes, the policy of giving the probate court power to control estates and the administrator during a temporary administration outweighs the asserted right of a temporary administrator to maintain himself in office during the appeal of an order removing him for cause and appointing his successor. *Our conclusion is that 'the appointee' who shall continue to act pending appeal is the appointee, whether original or subsequent, who is the current choice of the probate court.*" (Emphasis supplied.)

In support of his position appellant relies upon the case of Crouch v. Stanley, Tex. Civ.App. (Fort Worth), 348 S.W.2d 543, no wr. hist. in that case Judge Crouch of the Probate Court of Tarrant County entered an order removing Stanley as permanent administrator and appointed a successor administrator of the Estate of William Roy Greene. Stanley perfected an appeal from this order and the district court enjoined the successor administrator from acting as such and at the same time enjoined Judge Crouch from appointing a successor administrator and taking any further action in the above estate pending appeal of the order removing Stanley. No appeal was taken by the successor administrator from the order of the district court enjoining him from acting as successor administrator, but appeal was taken by the probate judge from the order enjoining him from appointing more successor administrators, or entering any orders relating to the estate. The Court of Civil Appeals of Fort Worth held that the injunction was improperly entered against the probate judge in that it would prevent him from taking any action deemed necessary to preserve the estate and thereby render the probate court impotent and helpless to protect the interest of the estate which said court is charged by law with administering. However, by way of dictum,

the court stated that the appeal by Stanley from the order of the court removing him as administrator suspended such order and preserved his status as administrator pending the determination of the appeal.

As for such dictum the Supreme Court said, in Ex parte Lindley, supra:

"There is language in Crouch v. Stanley, 348 S.W.2d 543 (Tex.Civ.App. 1961) which would indicate a contrary conclusion. That case did not reach this court, and we are not persuaded by that opinion. Any language in the Crouch opinion contrary to this opinion is disapproved."

Appellant vigorously contends that the decision of the Supreme Court in Ex parte Lindley was limited only to temporary administrators and had no application to other types of legal representatives.

We find ourselves unable to agree with appellant's contention. In the first place, Section 28 of the Probate Code deals with administrators, guardians, temporary administrators, etc., without discrimination. The reasoning employed by the Supreme Court in deciding the status of the temporary administrator applies with equal force to a case involving an administrator. In the course of its decision in Ex Parte Lindley, supra, the Supreme Court, had it elected to do so, could have easily distinguished between administrators and temporary administrators, but did not do so. Instead of making a distinction between administrators and temporary administrators, the Supreme Court held that "the appointee" referred to in Section 28 of the Probate Code is "the current choice of the probate court." It would seem to be unsound reasoning to construe Section 28 of the Probate Code as permitting an appeal to suspend the appointment of a successor administrator but not the appointment of the original administrator. Such construction would place a prize upon the first applicant, even an unauthorized or incompetent person, who would thus be enabled to prevent order-ly administration of an estate for a long time, pending the appeal or a series of appeals.

We are of the opinion that the decision of the Supreme Court of Texas in Ex parte Lindley, supra, supports the conclusion that the orderly administration of estates of decedents dictates that the "current choice of the probate court" for administrator, whether he be temporary, regular or with the will annexed, continue to act in such capacity, as directed by Section 28 of the Probate Code, pending an appeal, rather than the prior appointee whom the court for some cause has removed.

The decision of the Eastland Court of Civil Appeals in Crouch v. Stanley, 390 S.W.2d 795, wr. ref. n. r. e., does not in any way cast doubt on the decision of the Supreme Court in Ex parte Lindley, supra. In the second appeal of the Crouch case the probate judge refused to cause notices to be issued and to hold a hearing on Stanley's final account as required by the provisions of the Probate Code. The district court issued a mandamus directing Judge Crouch to cause these notices to be issued and hold a hearing on the final accounting. In affirming the judgment of the district court the Eastland Court of Civil Appeals held that the only question on the appeal was whether the issuance of the mandamus by the district court was proper, and in the court's opinion it was. The appeal did not involve the substitute administrator but was solely a dispute between the probate judge and Stanley. Again, there is dictum in this case relating to Stanley's status as administrator pending appeal.

We hold that the case is governed by the opinion of the Supreme Court in Ex parte Lindley, supra, and that appellee, being the "current choice of the probate court" is the one authorized to act for and on behalf of the estate pending appeal.

The facts are undisputed and the trial court correctly applied the law thereto in denying the issuance of a temporary injunction. We find no basis for appellant's

contention that the trial court abused his discretionary power in refusing to grant the temporary writ of injunction.

The judgment of the trial court is

Affirmed.