**Don R. BLACKBURN et ux., Appellants,**

v.

**James G. GANTT, Appellee.**

**No. 17003.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 26, 1978.

Arnold S. Cohn, Fisher, Roch & Gallagher, Craig Lewis, Houston, for appellants.

Bass & Bass, George T. Bass, Liddell, Sapp, Zivley & Brown, Walter P. Zivley, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order of the Probate Court Number One of Harris County, Texas, appointing Texas Commerce Bank National Association guardian of the estate of Walter Louis Blackburn, an incompetent. Don R. Blackburn, the son of Walter Louis Blackburn and an applicant for the appointment as guardian of the person and estate of Walter Louis Blackburn, asserts that the trial court erred in finding that he did not have sufficient experience or education or ability to serve as guardian of the estate of Walter Louis Blackburn and is incapable of properly and prudently managing and controlling the estate because there is no evidence to support such a finding, or, in the alternative, that the evidence is insufficient to support the finding.

Lena Ruth Blackburn, who was serving as temporary guardian at the time of the trial, asserts that the trial court erred in removing her as temporary guardian of the estate of Walter Louis Blackburn because there was no evidence or insufficient evidence justifying her removal in accordance with Section 110 or Section 222 of the Texas Probate Code.

*Appeal of Lena Ruth Blackburn.*

In August, 1976, Lena Ruth Blackburn was properly appointed temporary guardian of the estate of Walter Louis Blackburn. The order of appointment specified that she be appointed temporary guardian of the person and estate of Walter Louis Blackburn for a period of 90 days with power to take into her possession and protect all personal properties, cash and other funds and securities belonging to Walter Louis Blackburn, and to expend the sum of $3,000.00 monthly for his support and maintenance pending appointment of a permanent guardian. The order further recited that unless the appointment should be contested after service of citation, it would be continued in force for such a period of time as the court should deem in the interest of Walter Louis Blackburn, or that it should be made permanent.

Section 131 of the Probate Code authorizes the appointment of a temporary guardian of the estate of a person of unsound mind without notice or citation whenever it appears to the judge that the interest of the estate requires the immediate appointment of a personal representative. The order making the appointment must recite that, unless the same is contested after service of citation, it shall be continued in force for such period of time as the court shall deem in the interest of the estate, or that it shall be made permanent if found by the court to be necessary. This article also provides that immediately after the appointment the clerk shall give proper notice to all interested persons to appear at a time stated to contest the appointment if they so desire. The notice or citation must also state that, if no contest is made, the appointment will be continued for such time as appears to the interest of the estate of person involved, or that, if found necessary by the court, it shall be made permanent. In Paragraph (e) of Section 131, supra, it is provided that if the appointment is contested, "the court shall hear and determine the same" and "if the appointment is set aside"

the court shall require the temporary guardian to prepare and file a complete exhibit of the condition of the estate.

Paragraph (c), Section 109, Probate Code, provides:

"If a person is an incompetent—these rules shall govern:

Paragraph (1) If such person has a spouse who is not disqualified, such spouse shall be entitled to the guardianship in preference to any other person.

Paragraph (2) If there be no qualified spouse, the nearest of kin to such person, who is not disqualified, or in case of refusal by such spouse or nearest of kin to serve, then any other qualified person shall be entitled to the guardianship.

Paragraph (3) Where two or more persons are equally entitled, the guardianship shall be given to one or the other, according to the circumstances, only the best interest of the ward being considered.

Section 222 of the Code provides for the removal of a personal representative by the court on its own motion or on motion of any interested party and without notice for certain specified reasons. It also states certain grounds for the removal of a personal representative after citation and hearing. There is a requirement that the order of removal shall state the cause thereof.

Lena Blackburn argues that under the order appointing her temporary guardian she is entitled to be appointed the permanent guardian if the court finds that there is a necessity for a permanent guardian unless she be removed as temporary guardian as authorized by Section 222 of the Probate Code.

James G. Gantt filed a motion to remove Lena Blackburn as temporary guardian and an application that he, or in the alternative Texas Commerce Bank National Association, be appointed permanent guardian. Donald R. Blackburn also filed a petition seeking to be appointed the permanent guardian of the person and estate of Walter L. Blackburn. All of these petitions were consolidated for trial by the Probate Court. After a hearing, the Probate Court entered an order finding that the appointment of a permanent guardian is necessary for the care and protection of the person and estate of Walter L. Blackburn; that Donald R. Blackburn is disqualified to serve as guardian of the estate of Walter Louis Blackburn; and that Texas Commerce Bank National Association is a proper party and is qualified to serve as guardian of the estate of Walter L. Blackburn. The court then ordered that Donald R. Blackburn be appointed guardian of the person of Walter Louis Blackburn and that Texas Commerce Bank National Association be appointed guardian of his estate. The court then ordered that the appointment of Lena Ruth Blackburn as temporary guardian of the person and estate of Walter Louis Blackburn be terminated and further ordered her to turn over all assets in her possession belonging to the ward to Texas Commerce Bank National Association upon its qualifying to serve as guardian.

Section 113 of the Probate Code authorizes any person to contest the appointment of a particular person as guardian, and also to commence any proceeding which he deems beneficial to the ward. Mr. Gantt had the right to appear and contest the appointment of Lena Ruth Blackburn as temporary guardian of the estate of Walter Blackburn and also to initiate a proceeding for the appointment of a permanent guardian.

■ The grounds for the contest of the appointment of a temporary guardian of the estate of an incompetent are not specified in Section 131 of the Probate Code. The contest of an appointment as temporary guardian requires the trial judge to choose between the various applicants for appointment. In such a contest, the trial court must be guided by the provisions of Section 109 and Section 110 of the Probate Code. The procedure in such a contest would be the same as a proceeding brought under the provisions of Section 111 of the Probate Code for the appointment of a permanent guardian.

The trial court found Don R. Blackburn disqualified to serve as guardian by reason of Paragraph (g) of Section 110 Probate Code. Neither of the other persons seeking appointment was related to Walter Louis Blackburn. The trial court was authorized by Paragraph (c)(3) of Article 109 of the Probate Code to appoint as guardian the person shown by the evidence to be best qualified to manage the estate. The qualification of one appointed as permanent guardian of the estate of an incompetent necessarily terminates a temporary guardianship. The trial court's order specifically set aside the appointment of Lena Ruth Blackburn as temporary guardian. The trial court did not err in so doing. *Ex parte Lindley,* 163 Tex. 301, 354 S.W.2d 364 (1962); *Thomason v. McGeorge,* 285 S.W. 285 (Tex.Com.App.1926, jdgmt. adopted); *Kinser v. Hudgins,* 275 S.W.2d 847 (Tex.Civ. App.—Austin 1955, no writ history); *Hall v. Davison,* 176 S.W. 642 (Tex.Civ.App.—Galveston 1915, error ref'd).

*Appeal of Don R. Blackburn.*

Don R. Blackburn, the son of Walter Blackburn, filed his application for appointment as the permanent guardian of the person and estate of Walter Blackburn. The trial court appointed him as guardian of the person of Walter Blackburn but not guardian of his estate.

Paragraph V of the findings of fact filed by the trial court reads:

"Donald R. Blackburn does not have sufficient experience or education or ability to serve as guardian of the estate of Walter Louis Blackburn and is incapable of properly and prudently managing and controlling the estate of Walter Louis Blackburn."

Paragraph (g) of Section 110 of the Probate Code reads:

"Those who by reason of inexperience or lack of education, or for other good reason are shown to be incapable of properly and prudently managing and controlling the ward or his estate." (Shall not be appointed guardian).

Donald R. Blackburn contends that this finding of fact is not properly supported by the evidence. Paragraph (g) of Section 110 of Probate Code permits the trial court to evaluate each applicant for guardianship on an individual basis in order to determine whether a particular applicant is incapable of properly and prudently managing and controlling the particular estate involved. In making this determination the court is specifically authorized to consider the education and business experience of the particular applicant.

The testimony in this case established the size of the estate and the various types of investments of which it is composed. An inventory of the estate establishes a value of $1,259,000.00. The principal investments were certificates of deposits in various banks, corporate stocks, notes receivable, and real estate. Certain real estate investments were held by limited partnerships in which Mr. Blackburn was a limited partner.

The details of Donald Blackburn's education and work experience were fully developed in the evidence. He had completed the sixth grade in school when, at the age of twelve, he ran away from home and began working at various unskilled jobs. Some years later he worked for a railroad company and attained the position of a clerk in the shipping department. Subsequently, he worked as a salesman, then for three years as head of the traffic department of a carpet company, and for three years as terminal manager for a transit company. In 1971, when he had attained the age of 43 years, he obtained a loan from his father and formed his own company, Blackburn Industries, Incorporated. Walter Louis Blackburn was an investor in this company. This is an industrial freight bill auditing firm, a personal service company which audits freight bills for other companies on a contingency basis. Donald Blackburn is president and general manager of the company, but his primary duty is to act as salesman for the services of the company. There was testimony that the firm was marginally successful and that it became necessary for it to borrow money in the years 1972, 1973, 1974 and 1975. In 1976, it

earned a substantial gross profit. While Mr. Blackburn's formal education was quite limited, it is apparent from his employment record that he has attained a considerable degree of self-education.

Mr. Blackburn testified that he was not a financial analyst, an accountant, a lawyer, or an investment counselor. He confessed that he had no experience in investing sums of money of the magnitude involved in this estate. He testified that he had no detailed knowledge of the duties placed on the guardian of an estate by the Probate Code.

There is no testimony developing the duties and responsibilities of a guardian of an estate of this magnitude. Certain bankers and accountants were called to give expert testimony as to whether or not Donald R. Blackburn would be capable of properly and prudently managing and controlling an estate having assets of 1.25 million dollars. From the record made, the expertise of these witnesses is questionable. There is no showing that they are acquainted with the duties and responsibilities of the guardian of the estate of an incompetent. The testimony of these witnesses is entitled to little, if any, weight even though admitted without objection. *Adamson v. Burgle,* 186 S.W.2d 388 (Tex.Civ.App.—San Antonio 1945, writ ref'd w.m.).

Paragraph (g) of Section 110 of the Probate Code does not require that the guardian of an estate of an incompetent be knowledgable in probate law, be an expert in business management, or be experienced in investing money. The question is whether or not by reason of lack of experience or education or other good reason the applicant is "incapable" of properly and prudently managing the estate with appropriate expert assistance. The question is not whether another applicant is more capable of managing and controlling the estate. The legislative intention that preference be given to the closest relative of the incompetent who has made application for the guardianship is clear. The policy of appointing only those with experience in managing large business affairs or large sums of money as the guardian of the estates of those having substantial assets would, in a large measure, frustrate the intention of the legislature.

In this case, however, the court has made a finding of fact that Donald R. Blackburn does not have sufficient experience, education or ability to serve as guardian of the estate of Walter Louis Blackburn. The court is presumed to know the legal duties and responsibilities of the guardian of an estate of this magnitude. We are unable to hold that the evidence is insufficient to support this finding of fact.

The judgment is affirmed.