**Windle Ray BROWN, Appellant,**

v.

**Lloyd PERKINS, Judge, Appellee.**

**No. 20699.**

Court of Civil Appeals of Texas, Dallas.

Nov. 5, 1980.

Wilson Walters, Dwain Blakley, Denison, for appellant.

David Stagner, Nance, Caston & Nall, Denison, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

The question presented by this petition for writ of mandamus is whether rule 364(e) of the Texas Rules of Civil Procedure requires a judge who has removed one guardian and appointed another to fix the amount of a supersedeas bond so that the order may be superseded pending appeal. We deny the writ on the ground that section 28 of the Texas Probate Code (Vernon 1980) provides that the last appointee shall continue to act pending the appeal.

Relator Windle Ray Brown alleges in his petition that he was appointed guardian of the person and estate of Dixie Fay McCay, an incompetent, and served as guardian until September 20, 1980, when respondent Lloyd Perkins, as judge of the County Court at Law Number Two of Grayson County, signed an order removing him as guardian, appointing C. W. (Dub) Slaughter as guardian, and ordering relator to turn all assets of the incompetent over to the new guardian. From this order relator alleges he has perfected an appeal, but the judge has refused to set the amount of a supersedeas bond.

Respondent recognizes that ordinarily an appellant has a right to supersede the order or judgment appealed from, but argues that section 28 of the Texas Probate Code (Vernon 1980) excludes that right in this case. Section 28 provides:

Pending appeals from orders or judgments appointing administrators or guardians or temporary administrators or guardians, the appointees shall continue to act as such and shall continue the prosecution of any suits then pending in favor of the estate.

Relator contends that this statute is ambiguous as applied to this case because the term "appointee" may mean either the old

guardian or the new guardian. This question has been decided in *Ex parte Lindley*, 163 Tex. 301, 354 S.W.2d 364, 366 (1962), in which the supreme court held that the "appointee" referred to in the statute is "the appointee, whether original or subsequent, who is the current choice of the probate court." *Lindley* was followed by this court in *Bywaters v. Joyce*, 399 S.W.2d 832, 835 (Tex.Civ.App.–Dallas 1966, no writ), in which the court observed that "the current choice of the probate court," whether temporary or regular, must continue to administer the estate pending appeal.

Although these cases involved injunctions rather than supersedeas bonds, we conclude that the same principle is applicable, and, therefore, the trial court was not required to fix the amount of a supersedeas bond.

Writ of mandamus denied.