**QUIROZ v. CANTU et al.**

No. 10314.

Court of Civil Appeals of Texas.
San Antonio.

July 20, 1938.

Rehearing Denied Sept. 14, 1938.

See, also, 119 S.W.2d 569.

F. J. Onzon, Todd & Todd, and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellant.

Smith & Smith, of Corpus Christi, Edward C. Meek, of Dallas, and B. Ray Smith and D. S. Purl, both of Corpus Christi, for appellees.

SLATTON, Justice.

Guadalupe C. Quiroz died on or about the 10th day of February, 1936, in the City of Corpus Christi, Nueces County, Texas. At the time of her death she and her husband, Federico Quiroz, owned a community estate consisting of real and personal property of considerable value, situated in Nueces County. Federico Quiroz, on the 24th day of February, 1936, filed an application in the County Court of Nueces County, sitting in probate, seeking to probate a written will in which he was named independent executor without bond and chief beneficiary. Thereafter the will was probated in the County Court. Conrado C. Garcia and Juan Cantu, being sons of a prior marriage of Guadalupe C. Quiroz, filed suit in the County Court sitting in probate to set aside the order probating the will offered by Federico Quiroz, and alleged that Guadalupe C. Quiroz, deceased, left a will in which her property was given to said heirs at law, share and share alike, and that Federico Quiroz was named as independent executor without bond. The County Court denied the contest and admitted the will offered by Federico Quiroz. The contestants appealed to the district court, where a trial de novo resulted in a judgment denying the probate of the will offered by Federico Quiroz and admitting the will offered by Conrado Garcia and Juan Cantu. The judgment of the district court has been appealed to this Court.

Conrado Garcia and Juan Cantu filed an application in the will contest pending in the district court of Nueces County for a receiver, which was opposed by Federico Quiroz. After hearing the trial court entered an interlocutory order appointing a receiver of the entire property of Guadalupe C. Quiroz, deceased, and Federico Quiroz, except an urban homestead and a bakery. Federico Quiroz has appealed.

The appeal from the county court to the district court in the proceeding to probate the will had the legal effect to supersede the probating of the will and the appointment and qualification of the executor named thereunder. Likewise, the appeal from the district court to this Court had the same effect. The authority to administer an estate of a deceased person is in the probate court under our constitution. The statute provides for ample authority through temporary administration pending the final determination of will contests, in the event the necessities of the estate require such proceedings. Art. 3378, R.C.S.1925.

Interested persons in the estate of a deceased, such as creditors and heirs at law of such deceased persons, may require the giving of bond of executors named in wills. Art. 3438, R.C.S.1925. In the will contest as well as in their application for a receiver the appellees do not seek an accounting, nor the recovery of any property, but only seek a preservation of property belonging to the deceased. The equitable powers of a court to appoint a receiver and take charge of property to the exclusion of its owner or part owner is exercised cautiously and only under circumstances which justify such action. 36 Tex.Jur. § 8, p. 25. The remedy has sometimes been termed "drastic" and "harsh."

It is believed that under the facts of this case the rights of those interested in the estate of Guadalupe C. Quiroz, deceased, could be safeguarded and protected in the probate court through a temporary administration or by requiring the executor named in the wills sought to be probated to give bond. Such procedure is contemplated by our constitution and statutes and affords ample protection to all persons interested in the estate, and at the same time avoids the necessity of the drastic and harsh remedy of a receivership.

These reasons lead us to the conclusion that the action of the trial court in the appointment of a receiver under the facts disclosed by this record was error, and that such order must be here vacated. The facts here presented are ruled by the case of Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552, and Pierce v. Pierce, Tex.Com.App., 235 S.W. 557.

The appellees strongly rely upon the cases of Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, Richardson v. McCloskey, Tex.Civ.App., 228 S.W. 323, and Huth v. Huth, Tex.Civ.App., 110 S.W. 1011.

The issues determined in those cases were within the original jurisdiction of the district court and not in the probate court. Under their facts the district court had inherent power to appoint a receiver for the preservation of the property pending final determination of title which was invoked in the exercise of its original as distinguished from appellate power.

In the present case the only issue to be determined is the validity of a chain or a muniment of title, viz., the last will of Guadalupe C. Quiroz. This jurisdiction of the district court is appellate and not original.

The order of the district court appointing a receiver will be reversed and the receivership vacated with costs adjudged against the appellees. Accordingly it is so ordered.