### QUIROZ v. CANTU et al.
#### No. 10327.

Court of Civil Appeals of Texas.

San Antonio.

Aug. 17, 1938.

Rehearing Denied Sept. 14, 1938.

See, also, 119 S.W.2d 568.

F. J. Onzon, J. D. Todd, Sr., and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellant.

Smith & Smith, of Corpus Christi, Edward C. Meek, of Dallas, and B. Ray Smith and D. S. Purl, both of Corpus Christi, for appellees.

SMITH, Chief Justice.

It appears from the record that at the instance of Federico Quiroz a certain document purporting to be the last will and testament of his deceased wife, Guadalupe C. Quiroz, wherein her estate was devised to her said husband, was duly probated in the probate court of Nueces County, over the protest of the testatrix's two sons, Juan Cantu and Conrado Garcia (half brothers), who appealed from the order of probate to the District Court.

The contestants did not offer any other will for probate in the proceedings in the county court, but upon the trial de novo in the district court offered evidence to show, and the jury found, that a different will than that probated in the county court had been executed by the decedent, in which she devised her estate, not to her husband, as provided in the probated will, but to her said sons, Cantu and Garcia.

Upon that finding, the district judge denied the probate of the will probated in the county court, and ordered the probate of the will offered in the district court, for the first time, by the two sons. Federico Quiroz has appealed.

We are thus confronted at the outset by the controlling jurisdictional question presented by the facts stated.

It is undisputed that appellees took none of the several steps in the probate court required by statute in a proceeding to probate a will in that court, did not even offer the will for probate in that court, nor was its probative qualities adjudicated therein. Arts. 3290, 3291, 3333, 3335, 3348, 3350, R.S.1925.

It is too well settled to permit of argument that jurisdiction of an original proceeding to probate a will in this State is conferred exclusively upon the county court, and that the district courts have only appellate jurisdiction of such proceeding; on appeal from the probate to the district court only such matters as have been adjudicated in the former can be determined in the latter. Const. Art. 5, § 16, Vernon's Ann.St.Const. art. 5, § 16; 44 Tex.Jur. pp. 85 et seq., §§ 305, 306; Leatherwood v. Stephens, Tex.Com.App., 24 S. W.2d 819; Magee v. Magee, Tex.Civ.App., 272 S.W. 252; Becknal v. Becknal, Tex Civ.App., 296 S.W. 917; Shropshire v. Salyer, Tex.Civ.App., 110 S.W.2d 917.

Moreover, a will may not be probated even in the county court until the provisions of the cited statutes have been complied with. Williams v. White, Tex. Civ.App., 105 S.W.2d 1105.

Clearly, the trial court was without jurisdiction to probate the will offered there, for the first time, by appellees.

The trial court also erred in admitting testimony prohibited by Art. 3716, R.S.1925, concerning transactions with the deceased testatrix, but in view of reversal upon the ground stated, that error will not be discussed here.

The judgment is reversed and the cause remanded for further proceedings in consonance with this opinion.