**BAPTIST FOUNDATION OF TEXAS,**
Appellant,

v.

**Mrs. Lilla BUCHANAN, Appellee.**

No. 3307.

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1956.

Rehearing Denied Feb. 9, 1956.

Burford, Ryburn, Hincks & Ford, Bruce Graham, James S. Grisham, Dallas, for appellant.

Wynne & Wynne, Wills Point, Texas, Sanders & Stanford, Canton, for appellee.

HALE, Justice.

This appeal involves the construction and legal effect of certain orders of the County and District Courts of Van Zandt County, Texas, relating to the appointment of a proper representative for the estate of a deceased person. Appellant contends that under the orders in controversy, the estate does not now have a representative who is vested with such powers as are necessary to properly protect the interest of the estate, while appellee contends that she is at this time qualified and acting as permanent administratrix of the estate with full power to represent it in all pertinent matters. If the contention of appellant is correct, the order appealed from should be reversed; otherwise, it should be affirmed.

Carroll Lee Youngblood, hereafter referred to as the deceased, departed this life on April 13, 1954. Two days later, appellee, a sister of the deceased, filed her application in the County Court of Van Zandt County to probate an instrument dated April 8, 1954, alleged to be the last will of the deceased. Appellee was designated in

the purported will as sole beneficiary and independent executrix thereof. On April 26, 1954, the County Court entered its uncontested order reciting therein that although the purported will was executed with the solemnities and formalities required by law to make it a valid will, appellee, in open court, had "renounced her right to take under such will, declaring that it was her wish, desire and intention that such estate descend and vest as under the laws of descent and distribution, and that rather than to act as independent executrix, that she preferred to be named as the administratrix of such estate, and that the same be handled under an administration without reference to such will, and that the estate be divided in accordance with the laws of descent and distribution"; that there was a necessity for an administration; that appellee was not disqualified and was entitled to letters of administration. Without expressly granting or refusing the application of appellee to admit the purported will to probate, the order of the Court granted the verbal request of appellee for letters of administration and appointed her administratrix of the estate upon her taking the proper oath of office and giving bond in the sum of $25,000. Thereupon, appellee filed her bond as required by the above order and she also filed her oath in form as follows: "I do solemnly swear that the writing which has been offered for probate is the last will of Carroll Lee Youngblood, as far as I know or believe, and that I will well and truly perform all the duties of administratrix of the estate of said deceased."

On May 20, 1954, appellant filed in the County Court of Van Zandt County, its contest to the application of appellee for the probate of the purported will of deceased, dated April 8, 1954. Appellant also filed its application to probate an instrument dated February 26, 1951, alleged to be the last will of the deceased. Appellant was designated in this purported will as trustee for certain beneficiaries therein named. It prayed that the two proceedings be consolidated and heard as one cause. On June 18, 1954, the County Court entered its order consolidating the two causes, setting aside its previous order of April 26, 1954 and all other proceedings with reference thereto, including all findings contained in said order or orders, decreeing the same to be vacated and of no further force and effect. The County Court also adjudged in this order that the deceased was of unsound mind on the 8th day of April, 1954 and was without testamentary capacity at the time when the will offered for probate by appellee was alleged to have been executed, and that all orders entered at the hearing on April 26, 1954, should be and were in all things set aside and vacated. The County Court also adjudged and decreed that the purported will of the deceased offered by appellant be admitted to probate and that J. R. Hobbs be appointed as administrator of the estate under the will so admitted to probate, and provided therein that letters of administration should be issued to J. R. Hobbs upon his taking the oath and giving bond in the sum of $25,000. Appellee duly perfected her appeal from the entire order and judgment last aforesaid to the District Court of Van Zandt County, where the appealed cause is now pending for a trial de novo.

On December 1, 1954, appellant filed his application in the County Court for the appointment of a temporary administrator pending the outcome of the litigation in the District Court relating to the estate of the deceased. On December 6, 1954, by agreement of appellant and appellee, the County Court appointed J. R. Hobbs and appellee as joint temporary administrators, with limited authority, for the sole purpose of disposing of certain litigation and claims pending against the estate of the deceased on behalf of the United States Government for Federal taxes. Thereafter, on January 14, 1955, appellant filed in the County Court its motion to amend the foregoing order appointing J. R. Hobbs and appellee as temporary administrators of the estate so as to extend their powers as such to the extent that they might properly preserve the properties of the estate, rent the farms belonging to the estate, take care of the livestock and make such repairs as might be necessary to preserve the buildings and thereby prevent waste, loss and irreparable injury of

said properties. Appellee answered this motion with a plea to the jurisdiction of the County Court on the ground that she was duly appointed as permanent administratrix of the estate by the order of April 26, 1954, that the letters of administration issued to her at that time had not been revoked, and consequently the County Court did not have jurisdiction to grant the motion. The County Court sustained appellee's plea to its jurisdiction and denied the motion of appellant, and, on appeal to the District Court, a similar judgment was entered.

Appellant says the District Court erred in holding that the County Court did not have jurisdiction to act upon the motion of appellant, filed on January 14, 1955, to extend the powers conferred upon J. R. Hobbs and appellee as temporary administrators to the extent necessary to enable them to preserve the properties belonging to the estate of the deceased and in refusing to grant such motion. On the other hand, appellee says neither the County Court nor the District Court erred in the particulars complained of, because she asserts that she is now and has been at all times since April 26, 1954, qualified and acting as permanent administratrix of the estate with full power and authority to act as such. We have concluded that the contention of appellant must be sustained and that of appellee must be overruled.

Art. 3332 of Vernon's Tex.Civ.Stats. provides, among other things, that the written application for letters of administration shall state that the deceased died intestate, and that a necessity exists for an administration upon such estate, setting forth the facts which show such necessity. Appellee made no such statement in the application which she filed in the County Court of Van Zandt County on April 15, 1954, but, on the contrary, she alleged that the deceased died testate and that by the terms of his will she was appointed as independent executrix thereof, which facts, if true, would obviate any necessity for an administration upon the estate. Consequently, the order of the County Court which was entered on April 26, 1954, if it be construed as appointing appellee permanent administratrix with full powers, was not only without any support in appellee's written application but was in direct conflict with the allegations therein contained.

Art. 3382 of Vernon's Tex.Civ.Stats. reads as follows:

"Before the issuance of letters testamentary or of administration with the will annexed, the person named as executor or appointed administrator with the will annexed shall take and subscribe an oath in form as follows: 'I do solemnly swear that the writing which has been offered for probate is the last will of . . . so far as I know or believe, and that I will well and truly perform all the duties of executor of said will (or of administrator with the will annexed, as the case may be) of the estate of said . . .' Acts 1876, p. 100; G.L. vol. 8, p. 936."

Art. 3383 of Vernon's Tex.Civ.Stats. reads as follows:

"Before the issuance of letters of administration, the person appointed administrator shall take and subscribe an oath in form as follows: 'I do solemnly swear that . . . deceased, died without leaving any lawful will, so far as I know or believe, and that I will well and truly perform all the duties of administrator of the estate of said deceased.' Id."

The oath which appellee filed after her appointment on April 26, 1954, did not comport with the form of oath required by either of the foregoing articles of the statutes. On the contrary, she stated in her oath that the writing which had been offered for probate was the last will of the testator, as far as she knew or believed. Such oath complied with the allegations contained in her pleading but it was wholly at variance with any legal right on her part to act as administratrix of the estate without reference to the will which she had filed for probate.

Art. 3378, Vernon's Tex.Civ.Stats., reads as follows:

> "Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers. Acts 1876, p. 98; G.L. vol. 8, p. 934."

The purpose of the foregoing article of the statutes is to authorize the county judge to appoint a temporary administrator for the purpose of protecting and preserving the estate of a deceased person during the pendency of a contest relative to the probate of an alleged will, or the granting of letters of administration, only in the event the estate does not have a duly qualified and acting legal representative. King v. King, Tex.Civ.App., 230 S.W.2d 235, er. ref. n. r. e. If appellee had alleged facts in her written application showing the necessity for an administration on the estate of the deceased, if in pursuance thereof she had been appointed permanent administratrix by the order of April 26, 1954, if she had duly qualified as such by filing proper oath and bond, and if the order had not been set aside in the County Court or superseded by an appeal to the District Court, the facts would have been vastly different from what is reflected by the record before us.

■ But the order of April 26, 1954, purporting to appoint appellee as administratrix, whether valid or invalid on its face, was thereafter set aside on June 18, 1954, in the consolidated cause. The order in the consolidated cause also decreed that the purported will offered by appellee for probate was invalid, that the purported will offered by appellant was valid, and that J. R. Hobbs be appointed administrator of the estate under the probated will. Appellee duly perfected her appeal to the District Court of Van Zandt County, where the appealed cause in its entirety is now pending for a trial de novo. In our opinion, the appeal by appellee to the District Court from the County Court's order of June 18, 1954, setting aside its previous order of April 26, 1954, appointing appellee as administratrix, did not have the effect of reinstating such vacated order, but merely left the proceedings in an unsettled manner pending final disposition by the District Court of such appeal. 13 Tex.Jur. p. 647, Sec. 63 and authorities there cited: Garrett v. Garrett, Tex.Civ.App., 47 S.W. 76; Earl v. Mundy, Tex.Civ.App., 227 S. W. 716, pt. 7, er. ref.; Hillhouse v. Allumbaugh, Tex.Civ.App., 238 S.W.2d 799.

■ The record shows without dispute, we think, that there is a necessity under the existing circumstances for the appointment of a temporary administrator by the County Court of Van Zandt County, with such powers and authority as may be reasonably necessary to protect the assets of the estate of the deceased for the benefit of those entitled to the same, or to extend for that purpose the limited power and authority theretofore vested in J. R. Hobbs and appellee jointly as temporary administrators under the order of December 6, 1934. Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518; LaForce v. Bracken, 141 Tex. 18, 169 S.W.2d 465.

Accordingly, the judgment of the District Court here appealed from is reversed and the cause is remanded to that Court for further proceedings not inconsistent with the views herein expressed.