**C. J. HARRISON, Appellant,**

v.

**T. T. TUCKER, Jr., et al., Appellees.**

No. 16183.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 6, 1961.

Rehearing Denied Feb. 3, 1961.

C. B. Bunkley, Jr., Dallas, for appellant.

Odeneal & Odeneal, and William C. Odeneal, Jr., Dallas, for appellees.

Mullinax, Wells, Morris & Mauzy, and Oscar H. Mauzy, Dallas, amici curiae.

RENFRO, Justice.

The plaintiffs, T. T. Tucker, C. R. Tips, E. L. Miller and the defendant, C. J. Harrison, owned property in the same block in Cedar Crest Country Club Estates, Section T–1, an addition to the City of Dallas, which was subject to the restriction that

384

no race other than Caucasian should occupy as a dwelling any building thereon, except servants employed by the owners.

The defendant, after two or more years' effort to sell his home to Caucasians, and being unable to find a buyer, because of the encroachment of colored people in the general area, in the latter part of 1959 offered the property for sale to members of the colored race, and listed the property for sale with colored real estate brokers. In April of 1960, plaintiffs filed suit to enjoin defendant from offering for sale, showing his house or executing a deed to any non-Caucasian.

After a three day hearing the court, on April 19, 1960, found that the doctrine of balancing of equities should be applied, because white owners would suffer depreciation of the value of their properties if defendant was allowed to sell to a colored person, and entered a temporary injunction which granted the relief sought by plaintiffs.

The Supreme Court of the United States held in Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, that racial restrictive covenants could not be enforced in equity against Negro purchasers because such enforcement would constitute state action denying equal protection of the laws to the Negroes, in violation of the Fourteenth Amendment to the Federal Constitution.

In 1948 the San Antonio Court of Civil Appeals in Clifton v. Puente, 218 S.W.2d 272, 274, error refused, n. r. e., held: "Under the decision of the Supreme Court, above referred to (Shelley v. Kraemer), judicial recognition or enforcement of the racial covenant involved here (restriction against conveyance to a person of Mexican descent) by a state court is precluded by the 'equal protection of the laws' clause of the Fourteenth Amendment."

Under the law the plaintiffs could not therefore enforce the racial restriction and the court erred in granting the injunction.

■ The plaintiffs insist the injunction should be upheld on the "balancing of equities" theory. The balancing of equities doctrine is not applicable. The fact that the value of plaintiffs' properties would be diminished by sale of defendant's property to a colored person does not give the court the authority to enforce the racial restriction. Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149.

■ Ordinarily, the granting or refusing of a temporary injunction will not, unless a clear abuse of discretion appears from the record, be disturbed on appeal. If the facts are such, however, that solely questions of law are presented, the trial court's action is reviewable. We believe the trial court abused its discretion when it, in effect, by injunction, enforced the racial restriction.

■ The property involved was also subject to the restriction that "No signs, billboards, posters, or advertising devices of any character shall be erected on this property without the written consent of Tips Investment Co.; such permission shall be revocable at any time." Defendant was enjoined from violating said restriction.

The record does not show that the court abused its discretion in that regard. We affirm that part of the injunction.

The judgment of the trial court is affirmed in so far as it prohibits the erection of signs on the premises but in all other respects is reversed and judgment here rendered that said injunction be dissolved except as to the provision pertaining to signs.