L. D. Gilmer and James F. Warren, Houston, for petitioner.

Coy U. Spawn, Jr., Kelley, Ryan & Merrill, Houston, for respondent.

**Edythe Westerfield BELL, Petitioner,**

v.

**Glenn STILL, Respondent.**

No. A–10829.

Supreme Court of Texas.

May 18, 1966.

Rehearing Denied June 22, 1966.

GREENHILL, Justice.

■ ■ There having been sufficient votes to grant the application for writ of error in this case, it was brought before us for a review of the correctness of the holding of the courts below. The matter is a difficult one because doubts exist as to the wisdom of a policy under which an independent executor, accused of gross mismanagement of an estate, is not subject to removal by the probate court as any other executor or administrator. This, however, is a matter within the control of the Legislature. It is our opinion that the Probate Code did not change the rule previously existing that the probate court did not have this power unless the independent executor, properly appointed and qualified, was required to post bond and could not or would not do so. We do not have here the question as to whether the district court has this power of removal.

The opinion of the Court of Civil Appeals sets out the facts and correctly declares the principles of law in this case. 389 S.W.2d 605. That opinion is adopted as the opinion of this Court.

The judgment of the Court of Civil Appeals is affirmed.