ALICE NATIONAL BANK et al., Appellants,

v.

CORPUS CHRISTI BANK & TRUST
et al., Appellees.

No. 440.

Court of Civil Appeals of Texas.
Corpus Christi.

Aug. 15, 1968.

Rehearings Denied Sept. 12, 1968.

**612**

Perkins, Floyd, Davis & Oden, Kenneth Oden, Baker, Botts, Shepherd & Coates, Deman Moody, Houston, Mullen & Mullen, John C. Mullen, Alice, Rankin, Kern, Martinez & Van Wie, H. H. Rankin, Jr., McAllen, for appellants.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall, Fischer, Wood, Burney & Nesbitt, Frank W. Nesbitt, Butler, Schraub & Gandy, Roger Butler, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Kenedy County, Texas, denying the application of appellants for a temporary injunction, the details of which will be hereinafter more fully set out.

Appellants are Alice National Bank, named as Independent Executor of the Estate of Sarita K. East, Deceased, under a 1960 will and codicils thereto, The John G. and Marie Stella Kenedy Memorial Foundation, and Lee H. Lytton, Jr., named as Independent Executor of said Estate under a 1948 will and 1950 codicil. Appellees are Corpus Christi Bank & Trust, Patrick A. Turcotte, Robert A. Turcotte, Louis Edgar Turcotte, Joseph Turcotte and Jack Turcotte.

This matter stems from the contest of the will of Sarita K. East, who died on February 11, 1961. On January 22, 1960, Mrs. East executed a will and testament, and during the year 1960 made four codicils thereto. Mrs. East provided therein for an independent administration and appointed Edgar Turcotte, Jacob S. Floyd and Alice National Bank as independent executors without bond. The said will and codicils were admitted to probate by judgment of March 6, 1961 in cause No. 344 on the docket of the probate court, Kenedy County, Texas. The three independent executors duly ·qualified by taking their oaths, received letters testamentary, secured approval of an inventory, appraisement and list of claims, and proceeded with the independent administration of the large estate of Mrs. East. The judgment of the probate court in cause No. 344 became final. About 16 months thereafter, on July 25, 1962 a separate and independent suit was filed by a number of heirs at law of Mrs. East, seeking to set aside the 1960 will and codicils and the order of March 6, 1961, admitting them to probate. This will contest was numbered 348 on the docket of the probate court of Kenedy County, Texas and styled Raul Trevino, et al v. Edgar Turcotte, et al. Thereafter, many additional claimed heirs at law intervened in cause No. 348. On January 8, 1964, Patrick A. Turcotte and Robert A. Turcotte, children of Edgar Turcotte, deceased, intervened and claimed under a prior will of Mrs. East executed in 1948 and a codicil thereto executed by her in 1950. The three original independent executors managed and controlled the estate until March 1963, when Mr. Edgar Turcotte died. The surviving independent executors continued the management and control of the estate until February 1964, when Mr. Jacob S. Floyd died. Since that date the Alice National Bank has acted as the sole surviving independent executor of the 1960 will and codicils of Sarita K. East.

The trial of the will contest (cause No. 348) resulted in a final judgment rendered and entered on March 29, 1968. That judgment, in so far as here material, in substance, included the following action: (1)

Set aside the 1960 will and codicils thereto and the judgment of March 6, 1961, rendered in cause No. 344, admitting the same to probate; (2) admitted to probate the 1948 will and the 1950 codicil thereto; (3) disqualified Lee H. Lytton, Jr., as independent executor under the 1948 will; and (4) enlarged the powers of Corpus Christi Bank & Trust as temporary administrator, made extensive provisions for the management of the properties and estate by it, and among other things directed Corpus Christi Bank & Trust to take possession of the estate of Sarita K. East, deceased.

On the date such final judgment was entered by the probate court in cause No. 348 appellants perfected their appeal to the district court of Kenedy County, Texas as to the entire order and each portion thereof which aggrieved them. In the district court the cause was numbered 101 and styled Raul Trevino, et al v. Edgar Turcotte, et al. All of such appealed matters, including the contest of the 1960 wills and codicils, are now pending for trial de novo in the district court. Sec. 28, Texas Probate Code, V.A.T.S.; Rule 335 Texas Rules of Civil Procedure. Appellants' application for injunction was filed in that same case and the relief sought is ancillary in nature.

Prior to entry of the judgment of March 29, 1968, the Probate Court had entered certain orders in connection with appointment of a temporary administrator which will now be noted. The probate court on application of Patrick A. Turcotte and Robert A. Turcotte on January 16, 1964 appointed Arnold Garcia temporary administrator for the limited purpose of filing suits to set aside certain royalty assignments made by Mrs. East during her lifetime to the Kenedy Foundation. After instituting the suits Garcia filed his final account and resignation. The probate court entered an order on October 7, 1965 approving Garcia's account and discharging him; and then appointed Corpus Christi Bank & Trust as successor temporary administrator for the same limited purpose;

and it was substituted in the suits which had been filed by Garcia. Alice National Bank and the Kenedy Foundation opposed all such actions of the probate court concerning a temporary administration and duly appealed all orders in connection with same to the district court.

Shortly after entry of the Probate Court judgment of March 29, 1968, Corpus Christi Bank & Trust as temporary administrator attempted to obtain possession of the estate of Mrs. East. Alice National Bank refused to deliver or turn over the estate, and on May 4, 1968 filed application for injunctive relief in said cause No. 101 in the district court of Kenedy County, Texas complaining of Corpus Christi Bank & Trust, Lee H. Lytton, Jr., Louis Edgar Turcotte, Patrick A. Turcotte, Individually and as independent executor of the Estate of Louis Edgar Turcotte, deceased, Robert A. Turcotte, Joseph Turcotte and Jack Turcotte. The petition alleged many of the facts in substance as hereinbefore set out. The prayer thereof·reads as follows:

"WHEREFORE, PREMISES CONSIDERED, Alice National Bank, Independent Executor of the Estate of Sarita K. East, Deceased, and The John G. and Marie Stella Kenedy Memorial Foundation pray the Court (1) to enter a temporary restraining order, without notice enjoining and restraining Corpus Christi Bank & Trust, their agents and employees, from demanding, taking and/or receiving from the Alice National Bank, Independent Executor of the Estate of Sarita S. East, Deceased, possession of any properties of the Estate of Sarita K. East, Deceased, and from carrying out or attempting to carry out the provisions and terms of the Order, Decree, Judgment and Decision of the Special Judge of the Probate Court of Kenedy County, Texas, signed and entered on the 29th day of March, 1968, insofar as such Order, Decree, Judgment and Decision purports to enlarge and increase the powers, rights, obligations and duties of said Corpus Christi Bank & Trust as Tempo-

rary Administrator of the Estate of Sarita Kenedy East, Deceased, (2) to enter a temporary restraining order, without notice enjoining and restraining Lee H. Lytton, Jr., as Independent Executor of the Estate of Sarita K. East, Deceased, under the terms and provisions of the 1948 Will and 1950 Codicil of Sarita K. East, Deceased, admitted to probate by the terms of the Order, Decision, Judgment and Decree dated March 29, 1968, from making further demand upon Alice National Bank, Independent Executor of the Estate of Sarita K. East, Deceased, for possession of such estate, (3) to enter a temporary restraining order, without notice, enjoining and restraining Louis Edgar Turcotte, Patrick A. Turcotte, individually and as Independent Executor of the Estate of Louis Edgar Turcotte, Deceased, Robert A. Turcotte, Joseph Turcotte and Jack Turcotte from entering upon and interfering in any manner with the management and operation of that portion of the Kenedy Ranch in Kenedy County, Texas, belonging to the Estate of Sarita K. East, Deceased, and which is in the possession and control of Alice National Bank as Independent Executor of said estate. Alice National Bank, Independent Executor of the Estate of Sarita K. East, Deceased, and The John G. and Marie Stella Kenedy Memorial Foundation further pray that upon hearing, and with notice, such temporary restraining orders be made temporary injunctions until said will contest has been tried de novo or until further ordered by the Court, and that upon final trial, these parties have judgment as heretofore prayed for by them and for all general and special relief, including all costs of suit."

The trial court granted a temporary restraining order against appellees, generally prohibiting them from interfering with possession of said estate by Alice National Bank as independent executor until hearing on the application for temporary injunc-

tion. After hearing on May 17, 1968, the district judge entered an order denying the temporary injunctive relief sought by appellants. It is that order from which the instant appeal is taken.

We will first consider the contentions of Alice National Bank (which are also applicable to The John G. and Marie Stella Kenedy Memorial Foundation) as against appellee Corpus Christi Bank & Trust. Next we will consider the appeal of Lee H. Lytton, Jr. We will then consider the case as to appellees Turcottes. Finally, we will consider the motion to consolidate causes Numbers 440 and 441 filed by appellants Alice National Bank and The John G. and Marie Stella Kenedy Memorial Foundation, and the motion to dismiss cause Number 441 filed by Corpus Christi Bank & Trust.

## APPEAL OF ALICE NATIONAL BANK

The discussion which follows necessarily and primarily concerns the action of the trial court in denying temporary injunctive relief, and our holdings ultimately are related to that subject.

The single point of error asserted by appellant Alice National Bank, is as follows:

"The District Court erred in denying Appellants' Application for Temporary Injunction because the perfection of the appeal from the Probate Court to the District Court for trial de novo, suspended the Final Judgment of the Probate Court dated March 29, 1968."

The statement and argument under this point of error show that the position of Alice National Bank is in substance as follows: That the order of the probate court dated March 29, 1968 setting aside the 1960 will and codicils thereto as well as the order of March 6, 1961 admitting them to probate was suspended by the appeal to the district court perfected by appellants; that since the 1960 will and codicils are not set aside or avoided by the suspended order of March 28, 1968, the Alice National Bank continues to act as independent executor

pending trial de novo in the district court; that with Alice National Bank being fully qualified and acting as independent executor, there can be no lawful appointment of Corpus Christi Bank & Trust as temporary administrator with full powers because under Texas law there cannot be two full administrations existing at the same time; that the intent of the order dated March 29, 1968 is that Corpus Christi Bank & Trust will act as temporary administrator with the 1948 and 1950 codicil annexed, but since said order admitting same to probate is also suspended because appellants have appealed from it, there is nothing for Corpus Christi Bank & Trust to administer upon; that if the order of March 29, 1968 is an outright effort to remove the independent executor, it is clearly wrong and void because the independent executor has not been legally removed upon his failure to give bond after having been required to do so by the probate court; that the order requiring Alice National Bank to turn over the assets of the estate to a temporary administrator is tantamount to removal.

Appellee Corpus Christi Bank & Trust asserts two counterpoints in substance: (1) that the appeal from the order of the probate court dated March 29, 1968 did not suspend those portions of the judgment which deal with the performance by the temporary administrator of the duties imposed upon it with respect to the preservation of the Estate pending termination of the will contest, and (2) that the refusal of the trial court to grant a temporary injunction was not an abuse of discretion. The statement and argument under these counterpoints show that the position of appellee Corpus Christi Bank & Trust is in substance that under sections 28, 93 and 132, Texas Probate Code, pending a contest relative to probate of a will the probate court may appoint a temporary administrator or enlarge his powers in order to preserve or conserve the estate and that the temporary administrator shall continue to act during an appeal; and that injunctive relief was properly denied herein by the trial court.

The above-mentioned provisions of the Probate Code read as follows:

"§ 28. Right of Appeal

Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county. Pending appeals from orders or judgments appointing administrators or guardians or temporary administrators or guardians, the appointees shall continue to act as such and shall continue the prosecution of any suits then pending in favor of the estate. If on appeal from the county court, a different administrator or guardian is appointed, he shall be substituted in such suits. Acts 1955, 54th Leg., p. 88, ch. 55.

§ 93. Period for Contesting Probate

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. Acts 1955, 54th Leg., p. 88, ch. 55.

§ 132. Temporary Administration Pending Contest of a Will or Administration

(a) Appointment of Temporary Administrator. Pending a contest relative to the probate of a will or the granting of letters of administration, the court may appoint a temporary administrator, with such limited powers as the circumstances of the case require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or adminitrator with full powers.

(b) Additional Powers Relative to Claims. When temporary administration has been granted pending a will contest, or pending a contest on an application for letters of administration, the court may, at any time during the pendency of the contest, confer upon the temporary administrator all the power and authority of a permanent administrator with respect to claims against the estate, and in such case the court and the temporary administrator shall act in the same manner as in permanent administration in connection with such matters as the approval or disapproval of claims, the payment of claims, and the making of sales of real or personal property for the payment of claims; provided, however, that in the event such power and authority is conferred upon a temporary administrator, he shall be required to give bond in the full amount required of a permanent administrator. The provisions of this Subsection are cumulative and shall not be construed to exclude the right of the court to order a temporary administrator to do any and all of the things covered by this Subsection in other cases where the doing of such things shall be necessary or expedient to preserve the estate pending final determination of the contest. Acts 1955, 54th Leg., p. 88, ch. 55."

Appellees Patrick A. Turcotte and Robert A. Turcotte by their counterpoints 1 and 3 assert substantially the same contentions as Corpus Christi Bank & Trust, and by counterpoint 2 that the district court was without jurisdiction to grant the injunctive relief sought by appellants. Their counterpoint one, however, is phrased somewhat differently, and asserts that "the perfection of the appeal from the probate court to the district court of the final judgment dated March 29, 1968, did not suspend that portion of said judgment which enlarged the powers of the temporary administrator." Appellees Louis Edgar Turcotte, Jr., Joseph Turcotte and Jack Turcotte have filed separate briefs generally in support of the position taken by the first-mentioned Turcottes.

We will first discuss the contention of appellant Alice National Bank that its appeal to the district court suspended that portion of the probate court judgment of March 29, 1968 setting aside the 1960 will and codicils thereto as well as the order of March 6, 1961, entered in cause No. 344, admitting them to probate. This contention must be sustained. Marshall v. Stubbs, 48 Tex.Civ.App. 158, 106 S.W. 435 (Austin, 1907, n. w. h.), cited in Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, judgment set aside but holdings readopted in Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958, 961; Rule 335, T.R.C.P. Appellees do not actually argue against the above contention but say that the probate court nevertheless properly appointed Corpus Christi Bank & Trust as temporary administrator for a limited purpose in 1965 and thereafter in 1968 properly enlarged its powers.

We next discuss the contention of appellant Alice National Bank that since, after its appeal from the order of March 29, 1968, it continued to be the fully qualified and acting independent executor of the estate of Sarita K. East there can be no lawful appointment of Corpus Christi Bank & Trust as temporary administrator with full powers of administration because under Texas law there cannot be two full administrations at the same time.

Alice National Bank relies heavily upon the case of King v. King, 230 S.W.2d 335 (Tex.Civ.App., Amarillo, 1950, writ refused). In that case the will of the testatrix named her son Carl King, the appellant, as independent executor. It was duly probated by judgment of the county court which became final. The son qualified as independent executor and filed an inventory and appraisement. About fifteen months after the will was admitted to probate a separate suit was filed in the county court to set it and the judgment probating it aside. This relief was denied and contestants appealed to the district court where the appeal on the merits was then for trial de novo. Thereafter, on application of appellees, who were also children

of the testatrix, the county court appointed one Tom G. Davis to be temporary administrator of the estate. Carl King, the independent executor, appealed such action to the district court. After hearing, the district court also appointed Davis as temporary administrator and, among other things, ordered him to take possession of the estate in question and to control and manage it. Carl King superseded that judgment and appealed to the Court of Civil Appeals which reversed and rendered judgment.

In *King* the Court relied upon the cases of Yeager v. Bradley, 246 S.W. 688 (Tex. Civ.App., Austin, 1923) writ refused by the Supreme Court with memorandum opinion 114 Tex. 581, 278 S.W. 1115 (1923); Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367 (1898); Hocker v. Stevens, 42 S.W.2d 473 (Tex.Civ.App., El Paso 1931, wr. dism.). The Court discussed and distinguished the cases of Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518 (1942); Huth v. Huth, 187 S.W. 523 (Tex.Civ. App., Galveston, 1916, writ ref.) and Ware v. Barfield, 54 S.W.2d 1105 (Tex.Civ.App., Amarillo, 1932, n. w. h.). The Court reiterated the rule announced in Roy v. Whitaker, supra, that " * * * the control of an estate by an independent executor is no less an administration that it would be if such person were acting under the full control of the court * * *", and the rule announced in Hocker v. Stevens, supra, that " * * * An independent executor is not removable, on motion for mismanagement under the statute, until after the remedy provided by law for requiring the giving of a bond be first exhausted * * *" The Court also discussed article 3378, R.C.S. 1925 (now Sec. 132(a) Texas Probate Code) as follows:

" * * * Appellees here rely on the provisions of Article 3378, and cite in support thereof several cases, all of which we shall now discuss. Article 3378 provides that: 'Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers.' This article was passed in 1876 and has been brought forward in the recodification of the laws with 'no material difference in the wording' according to a statement made by the Supreme Court in the case of Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518, 519. Its material parts were in full force when the rules herein previously discussed were announced. It is our opinion that the provisions of Article 3378 do not contradict the rules previously herein discussed. Article 3378 merely authorizes, but does not require, the appointment of a temporary administrator to have charge of an estate when an appeal is perfected from an order of the probate court either probating or refusing to probate a will or grant letters of administration. *It is obvious that the purpose of such Article is to authorize the appointment of a temporary administrator only in the event that there did not then already exist another administration with full powers."* (Emphasis supplied)

The Court then discussed Knipp v. Kutchinsky, supra, and further held as follows:

" * * * Thus it will be seen from the language of the Supreme Court there used that the purpose of Article 3378 is to clothe the probate court with authority to protect and preserve the estate by the appointment of a legal representative, *if such has not already been done,* while an appeal, if any, is being perfected in the original case which offered the will for probate. *It is our opinion that the article provides for the appointment of a temporary administrator in such cases, when an administration does not already exist,* and then to serve only un-

til 'the appointment of an executor or administrator with full powers' has been made. In the case at bar an independent executor with full powers to act had already been appointed and he had qualified as such and was serving with full power when appellees sought to have a temporary administrator appointed." (Emphasis supplied).

Finally, in *King* the court said:

"Under the facts presented and the rules of law governing such, it our opinion that both the district court and the probate court erred in appointing a temporary administrator of the estate of Jessie King, deceased, when the same was already being administered by an independent executor with full powers, nominated by the testatrix in her will and duly appointed by the probate court prior to any attempt to appoint a temporary administrator. Other assignments of error have been presented but in view of our holding already made, we do not deem it necessary to pass on them.

For the reasons stated the judgment of the district court is reversed and judgment is here rendered for appellant instructing the district court to direct the probate court to vacate its order appointing Tom G. Davis as temporary administrator of the estate of Jessie King, deceased, and to nullify all orders in connection with such appointment, without disturbing insofar as this action is concerned the appointment and powers of Carl King as independent executor of the said estate. Reversed and rendered."

*King* was followed in the case of Baptist Foundation of Texas v. Buchanan, 286 S. W.2d 452 (Tex.Civ.App., Waco, 1956, n. r. e.) wherein the Court held in part as follows:

"Art. 3378, Vernon's Tex.Civ.Stats., (now Sec. 132(a), Texas Probate Code) reads as follows:

'Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers. Acts 1876, p. 98; G.L. vol. 8, p. 934.'

The purpose of the foregoing article of the statutes is to authorize the county judge to appoint a temporary administrator for the purpose of protecting and preserving the estate of a deceased person during the pendency of a contest relative to the probate of an alleged will, or the granting of letters of administration, *only in the event the estate does not have a duly qualified and acting legal representative.* King v. King, Tex.Civ. App., 230 S.W.2d 235, er. ref. n. r. e. (The writ history is here incorrectly shown. The records of the Supreme Court and the Texas Cumulative Writs of Error Table show that the application for writ of error was "Refused.") If appellee had alleged facts in her written application showing the necessity for an administration on the estate of the deceased, if in pursuance thereof she had been appointed permanent administratrix by the order of April 26, 1954, if she had duly qualified as such by filing proper oath and bond, and if the order had not been set aside in the County Court or superseded by an appeal to the District Court, the facts would have been vastly different from what is reflected by the record before us." (emphasis supplied)

One of the cases principally relied on by appellees in support of their position that the probate court in this case properly appointed Corpus Christi Bank & Trust a temporary administrator in 1965 and on March 29, 1968 enlarged its powers, is Ware v. Barfield, 54 S.W.2d 1105 (Tex. Civ.App., Amarillo, 1932, n. w. h.). That case is discussed and distinguished in King v. King, supra. To the extent that the holdings or language in *Ware* conflict with

the holdings in *King*, we must follow *King* because of the unqualified refusal of application for writ of error in the latter case.

Aside from *Ware* the cases relied on by appellees do not involve fact situations where there was an active independent executor in possession of the estate. The common factor in several of these cases is that there was no active administration and no acting independent executor with full powers; hence there existed a necessity for a temporary administrator. See Knipp v. Kutchinsky, 138 Tex. 550, 160 S.W.2d 518 (1942); Huth v. Huth, 187 S.W. 523 (Tex.Civ.App., Galveston, 1916, wr. ref.); Ex Parte Lindley, 163 Tex. 301, 354 S.W. 2d 364 (1962); Bywaters v. Joyce, 399 S. W.2d 832 (Tex.Civ.App., Dallas, 1966, n. w. h.). In Baylor University v. Ogilvie, 222 S.W.2d 164 (Tex.Civ.App., San Antonio, 1949, n. w. h.) the primary issue related to an order, originally made by the probate court and sustained in the district court, providing for monthly advancements to be paid by a temporary administrator to the widow of the testator. The Court of Civil Appeals reversed, holding that the order was unauthorized because it in effect provided for a partial distribution of the estate. There was no contested issue there concerning the appointment of a temporary administrator. It also appears that the independent executor and trustee had filed suit for declaratory judgment for determination of the rights of the parties under a will and trust agreement. The cited case was decided before King v. King, supra, and is not in point on the material issues here. In Quiroz v. Cantu, 119 S.W.2d 568 (Tex.Civ.App., San Antonio, 1938, wr. dism.), the Court of Civil Appeals held that the district court improperly appointed a receiver to take charge of the property of an estate. The Court pointed out that there were other available remedies such as requiring the executor to give bond or by temporary administration, but did not attempt to decide the appropriate remedy in that case. The companion case of Quiroz v. Cantu, 119 S.W.2d 569, by the same Court of Civil Appeals, should also be con-

sidered in connection with the prior decision.

 We agree with the contention of Alice National Bank that the probate court does not have jurisdiction or power to remove an independent executor unless he is first required to give bond and fails to do so. What is prohibited directly cannot be done by obliquity. Bell v. Still, 389 S.W. 2d 605 (Tex.Civ.App., Waco, 1965), opinion adopted by the Supreme Court, 403 S. W.2d 353 (1966). If, despite the appeal to the district court, effect is given to the order of the probate court of March 29, 1968 enlarging the powers of Corpus Christi Bank & Trust as temporary administrator and particularly its order directing that the properties of the estate be turned over to the temporary administrator, such action would be tantamount to removal of the independent executor. Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954 (1944), judgment set aside 179 S.W.2d 954, but holdings readopted in Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958, 961. In Bell v. Still, supra, the opinion of the Court of Civil Appeals discusses the effect of 1957 amendments to Sections 3(aa) and 145 of the Probate Code, and particularly the limitation on the power of the probate court to control independent executors. The Court also discusses Section 149 of the code relating to proceedings for requiring an independent executor to give bond. See also 37 Tex. Law Review 828, 45 Tex.Law Review 352.

The Supreme Court of Texas has just handed down its decision in the case of Bunting v. Pearson, 430 S.W.2d 470. That case involved the nature of independent administration in Texas and the Supreme Court's position relating thereto. Grace Bunting brought the suit to recover for the reasonable value of services rendered by her for Bertha King, Deceased. Mrs. King died testate, appointing her daughter, Anita Martice King Pearson, as independent executrix of the estate and the will was duly admitted to probate. On July 28, 1964, and on January 13, 1965, the plaintiff presented claims to the executrix and the

executrix took no action upon such claims, whereupon, on July 19, 1965, plaintiff brought suit against the executrix for such services. The executrix filed a motion for summary judgment and it was overruled. Trial to a jury resulted in judgment for $1,200.00 for plaintiff. The Court of Civil Appeals reversed the trial court judgment and held that the law of Texas as it existed prior to the adoption of the Probate Code in 1955 was radically changed from the previous rule that the general provisions of the revised statutes regulating the procedures for establishing claims against an estate were not applicable to claims against an estate administered by an independent executor. The Court of Civil Appeals held that a claim presented to an independent executor and not acted upon within 30 days must be considered as rejected and that as suit was not filed thereon within 90 days thereafter, a recovery on the claim was barred. In stating the rule as it existed in Texas prior to the adoption of the Probate Code, the Supreme Court cited Smyth v. Caswell, 65 Tex. 379 (1886); Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367 (1898) and Fischer v. Britton, 125 Tex., 505, 83 S.W.2d 305 (1935). The Supreme Court disagreed with the Court of Civil Appeals, reversed the judgment of such Court and affirmed that of the trial court. The Supreme Court quoted Section 3(aa) of the Probate Code defining "Personal representative" and emphasized the language contained therein it, as follows:

"The inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estate except as expressly provided by law."

The Supreme Court, also quoted Section 145 of the Probate Code relating to independent administration and emphasized the language contained in therein as follows:

" * * * as long as the estate is represented by an independent executor, fur-

ther action of any nature shall not be had in the court except where this Code specifically and explicitly provides for some action in the court."

The Court examined Section 146 relating to payment of claims and delivery of exemptions and allowances in the case of independent executors and then referred to Sections 309, 310 and 313 respecting claims against an estate. The Supreme Court said:

"The Court of Civil Appeals in reaching the conclusion that sections 309, 310 and 313 of the Probate Code apply to 'independent executors', held that the term 'representative' as used in those provisions included 'independent executor'. We do not agree with this conclusion. Section three of the Code provides that the term 'representative' includes 'independent executor' unless otherwise apparent from the context. It is apparent from the context of sections 309, 310 and 313 that these sections are concerned with authenticated claims which are designed to be processed through and under the direction of the probate court. Section 309 directs that the 'representative' should do when an authenticated claim is filed with him, or the clerk. Section 310 provides that if the 'representative' fails to allow or reject the claim, and it is thereafter established by suit, he may be removed on the written complaint of any person interested in the claim. Section 313 provides that if judgment is taken in the suit on a rejected claim no execution shall issue, but a certified copy of the judgment shall be filed in the court, entered on the claim docket and classified by the court. This section not only leads to court supervision, but is in direct conflict with section 147, which provides a claim against an estate in independent administration may be enforced by levying execution on the estate.

It therefore, becomes *otherwise apparent* that these sections are not applicable to

an 'independent executor', because to apply them would be inconsistent with the provisions of Section 145 of the Probate Code; the general purpose of which is to free the 'independent executor' from the control of the court, except where the Code specifically and explicitly provides otherwise.

If, then, we are not compelled to substitute the word 'independent executor' for the term 'representative' in the three sections above discussed, they may not be made applicable to the 'independent executor' unless some provision of the Probate Code explicitly and specifically makes them applicable."

The Court then held that such sections of the Probate Code were not applicable to an independent executor, saying:

"Our holding in this case is in harmony with Morehead, Foreword, Texas Probate Code, 17A Vernon's Tex.Civ.Stat. Ann. iv (1956), which was quoted with approval in the case of Bell v. Still, 389 S.W.2d 605, as follows:

'The Texas Probate Code was not designed to make any radical changes in the former probate law * * *. The primary goal of those who worked on the Code was to eliminate the conflicts to clarify the ambiguities, to fill the gaps, to modernize some of the language, and otherwise to deal with particular statutes which had proved productive of problems. At the same time, however, the draftsmen sedulously sought to avoid changing any statute unless a change was deemed necessary for one of the aforementioned reasons.'

This Court adopted as its opinion the opinion of the Court of Civil Appeals in that case. Bell v. Still, 403 S.W.2d 353 (1966)."

It thus appears that the attitude of the Supreme Court toward independent administration is the same as it was prior to the adoption of the Probate Code, and such attitude has been restated and reaffirmed in Bunting v. Pearson.

The sole basis for the claim of Corpus Christi Bank & Trust that it is entitled to possession of the properties and estate of Mrs. East is the order of March 29, 1968 enlarging its powers as temporary administrator. That order was made after the probate court had set aside the 1960 will and codicils as well as the order probating the same, and had admitted to probate the 1948 will and 1950 codicil executed by Mrs. East, and had held that the sole remaining independent executor under the 1948 will was disqualified. Of course, the Alice National Bank and other interested parties could have allowed the judgment of March 29, 1968 to become final, but they did not do so. Instead, they immediately appealed. In this situation we believe that the essential holdings in King v. King, supra, support the contention of appellants that since they appealed to the district court from the probate court order of March 29, 1968, and the Alice National Bank continued to be the fully qualified and empowered independent executor of the Estate of Sarita K. East, deceased, the provisions of Sections 28 and 132 (considered along with Sec. 93) Texas Probate Code, relied upon by appellees, are here inapplicable and not operative under the undisputed facts. The order of the probate court dated March 29, 1968 enlarging the powers of Corpus Christi Bank & Trust as temporary administrator was not operative or applicable after appellants perfected their appeal to the district court. The Estate of Mrs. East continued to be administered by Alice National Bank as independent executor with full powers, since it had not been required to give bond, nor had it been removed.

In view of the above holdings, the principal remaining question relates to the order of the district court denying a temporary injunction. Alice National Bank contends that under the undisputed facts and the perfection of their appeal to the district court from the order of the

probate court dated March 29, 1968, that only questions of law are presented by this appeal and that it was entitled to injunctive relief as a matter of law. Alice National Bank points to the rule that in granting or refusing a temporary injunction, "the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts. If the facts are such that solely questions of law are presented, the trial court's action is reviewable, and should be reviewed on appeal. Differently stated, the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts" as stated by the Supreme Court in Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935). In that case, the district court granted a temporary injunction restraining plaintiff in error from disturbing defendants in error in the possession of property occupied and claimed by them as their homestead. Plaintiff in error, the owner of a note secured by a deed of trust, had caused the property to be sold by the trustee and had purchased it at the sale. Upon the appeal of plaintiff in error from an order overruling its motion to dissolve the temporary injunction, the Court of Civil Appeals affirmed, concluding that there was a substantial controversy between the parties and that the trial court did not abuse its discretion in refusing to dissolve the temporary injunction. The Supreme Court reversed, holding that since the facts were undisputed the question was one of law and the correct principle of law to apply to those undisputed facts, and ordered that the temporary injunction be dissolved. Southland Life Ins. Co. v. Egan, supra, was reaffirmed by the Supreme Court in General Telephone Company of the Southwest v. City of Wellington, 156 Tex. 238, 294 S.W.2d 385, 393 (1956).

The rules stated in *Egan* were applied in the case of City of Waco v. Marstaller, 271 S.W.2d 722 (Tex.Civ.App., Waco, 1954, n. w. h.). The facts there were undisputed and indicated that the appellee was operating an auto repair garage in violation of a zoning ordinance of the City of Waco. The Court of Civil Appeals concluded that the trial court erred to the prejudice of appellant in denying the application for temporary injunction. The order appealed from was reversed and the cause remanded with instructions to grant appellants' application for a temporary injunction.

In John L. Bramlet & Company v. Hunt, 371 S.W.2d 787 (Tex.Civ.App., Dallas, 1963, ref. n. r. e.) the facts were undisputed and involved a contract containing a restrictive covenant not to complete. The trial court denied the application for temporary injunction. The Court of Civil Appeals reversed, saying:

"It is well settled that in appeals from interlocutory orders in injunction cases the narrow question is whether the trial court abused its discretion in entering the order appealed from. Therefore, the order of a trial court in granting or in refusing to grant a temporary injunction will be reversed only when a clear abuse of discretion is shown. 31 Tex.Jur., Section 224, pages 345–347; Texas Foundries, Inc. v. International M. & F. W. Union, 151 Tex. 239, 248 S.W.2d 460; Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. However, it is equally well settled that if the facts are undisputed and only questions of law are presented, it does constitute an abuse of the trial court's discretion to fail properly to apply the law to the facts. 31 Tex.Jur.2d Sec. 224, page 349, Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Dallas General Drivers, etc., v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873; Rudd v. Wallace (Tex.Civ.App.), 232 S.W.2d 121; Harrison v. Tucker (Tex.Civ.App.), 342 S.W. 2d 383."

The Court of Civil Appeals there held that the trial court erred in not properly applying the law to the undisputed facts. The

order of the trial court denying the temporary injunction was reversed and the application remanded with instructions to grant a temporary injunction. See also Germany v. Pope, 222 S.W.2d 172 (Tex.Civ.App., Ft. Worth, 1949, ref. n. r. e.); Clesi v. Northwest Dallas Imp. Ass'n, 263 S.W.2d 820 (Tex.Civ.App., Dallas, 1953, ref. n. r. e.), to the same effect.

■ Here, Alice National Bank contends that had the district court properly applied the correct principles of law to the undisputed facts of the case, then said appellant would have been entitled to temporary injunction, and that the district court had jurisdiction to grant the same. We agree. This Court has before it those same undisputed facts and we have concluded that the order denying injunctive relief should be set aside in part and that this Court should render the judgment which the trial court should have entered. Appellants Alice National Bank and The John G. and Marie Stella Kenedy Memorial Foundation will be granted the temporary injunctive relief hereinafter set out, following discussion of remaining matters.

## APPEAL OF LEE H. LYTTON, JR.

In the district court Lytton was named as a defendant or respondent by the petition for injunctive relief of Alice National Bank and the Kennedy Foundation. Lytton's answer opposing said petition conceded that he had made demand on Alice National Bank for possession of the assets of the estate. Lytton also filed a cross-application for injunctive relief complaining of Alice National Bank and the appellees here, in which he requested the trial court to enjoin Alice National Bank from transferring the properties of the estate to Corpus Christi Bank & Trust or to any other person except himself; and from interfering with his taking peaceable possession of same; and that appellees Turcottes be enjoined from interfering with the assets of the estate until the appealed matters in cause no. 348 in the probate court are finally adjudicated. Lytton's position in the district court was in substance that the order of the probate court disqualifying him as independent executor under the 1948 will and 1950 codicil was void; and that in any event that portion of the said order, along with others, was suspended by the appeal to the district court. The trial court denied injunctive relief to Lytton and he appealed from such action. In this Court, particularly by his reply brief, Lytton makes it clear that he agrees with appellant Alice National Bank that it is entitled to be currently recognized as independent executor of the estate of Sarita K. East and therefore entitled to possess and manage the properties belonging to it. Lytton further contends that in any event he has a prior right to possession of the estate as against Corpus Christi Bank & Trust, even though he is second in line to Alice National Bank. It is apparent that our holdings concerning the appeal of Alice National Bank control the disposition of Lytton's appeal herein, and in view of his position in this Court we cannot disturb the judgment of the lower court as to him. The judgment of the trial court denying injunctive relief will be affirmed as to appellant Lytton.

## APPEAL AS TO APPELLEES TURCOTTES

Appellees Patrick A. Turcotte, individually, and as independent executor of the estate of Louis Edgar Turcotte, deceased, and Robert A. Turcotte are represented by one firm of attorneys, and appellees Louis Edgar Turcotte, Jr., Joseph Turcotte and Jack Turcotte by another. In the trial court and here the position of such appellees is in general agreement with the position of appellee Corpus Christi Bank & Trust. However, the petition of Alice National Bank also sought injunctive relief against the Turcottes on the basis of allegations contained in paragraph IX thereof, reading as follows:

"Alice National Bank and The John G. and Marie Stella Kenedy Memorial Foundation further show the Court that Patrick A. Turcotte, individually and as Independent Executor of the Estate of

Louis Edgar Turcotte, Deceased, and Robert A. Turcotte have indicated an intent to appeal from portions of the aforesaid Order of the Probate Court dated March 29, 1968, particularly insofar as said Order refuses to appoint him, said Patrick A. Turcotte, as Administrator of the Estate of Sarita K. East, Deceased, with the 1948 Will and 1950 Codicil aforesaid annexed, and that said Patrick A. Turcotte, Louis Edgar Turcotte, Robert A. Turcotte, Joseph Turcotte and Jack Turcotte are claiming some right or character of possession of the Estate of Sarita K. East, Deceased, or a portion thereof, and they, particularly Louis Edgar Turcotte, and Robert A. Turcotte, have entered upon properties belonging to the Estate of Sarita K. East and The John G. and Marie Stella Kenedy Memorial Foundation and in the possession of Alice National Bank as Independent Executor of said Estate, and have made threats to continue to enter upon and possess such properties, or parts thereof, and said Turcottes will continue to enter upon such properties unless restrained and enjoined therefrom. In this connection, the entries aforesaid, particularly upon the Kenedy Ranch in Kenedy County, Texas, have disrupted operations and such entries constitute an annoyance and interference with the personnel, employees and management of the ranch and properties involved, to the detriment to and damage of such estate and such entries should be enjoined and restrained by this Court to prevent unlawful and unwarranted interference with the administration of the Estate of Sarita K. East, Deceased, and the operation of the properties therein, and in order to maintain the status quo during the pendency of the trial of said will contest, de novo, · in this Court or until further ordered by this Court."

█ The evidence presented on the hearing for temporary injunction did not conclusively establish the conduct or facts alleged as the basis for injunctive relief against appellees Turcottes. There are no findings of fact or conclusions of law. In this situation we are bound by the implied findings of fact in support of the trial court judgment denying injunctive relief as to said appellees. Gulf View Courts v. Galveston County, 150 S.W.2d 872 (Tex. Civ.App., Galveston, 1941, wr. ref.). The judgment of the trial court in such respect will also be affirmed.

*Motion of Alice National Bank to Consolidate Causes Numbers 440 and 441. Motion of Corpus Christi Bank & Trust to Dismiss Cause No. 441.*

█ Causes numbers 440 and 441 were both docketed in this Court on May 23, 1968. Cause No. 440 is the appeal from the judgment of the district court denying a temporary injunction; which cause we have today decided. Cause No. 441 involved a motion for leave to file petition to stay proceedings. We granted such leave and entered a stay order pending determination of cause No. 440 by this Court. Appellee Corpus Christi Bank & Trust has filed herein a motion to dismiss in cause No. 441 and to dissolve the stay order. Appellants Alice National Bank and the Kenedy Foundation have opposed such motion and have separately filed a motion to consolidate causes No. 440 and 441 on the docket of this Court. It is apparent that both causes involve the same subject matter and that the parties are identical. The motion to dismiss and to dissolve the stay order is overruled. The motion to consolidate is granted, and such consolidated cause shall hereafter bear docket number 440.

### Conclusion

The judgment of the trial court will be reversed to the extent that it denied temporary injunctive relief to appellants Alice National Bank, as independent executor of the Estate of Sarita K. East, and The John G. and Marie Stella Kenedy Memorial Foundation as to appellee Corpus Christi Bank & Trust. Judgment will be here ren-

dered in favor of said appellants against appellee Corpus Christi Bank & Trust prohibiting and restraining Corpus Christi Bank & Trust as temporary administrator from demanding of Alice National Bank, independent executor of the estate of Sarita K. East, deceased, possession of the properties or records of said estate pending trial de novo on the merits of the will contest case, being Cause No. 101 in the district court involving cause No. 348 appealed from the probate court, or until the further orders of the district court. The judgment of the district court otherwise denying injunctive relief will be affirmed.

NYE, Justice (concurring).

The judgment of the Probate Court dated March 29, 1968, attempts in effect to remove the independent executor from office, by the transfer to the temporary administrator all of the possessions of the estate and by enlarging its powers. The Probate Court does not have the power or jurisdiction to remove a duly qualified independent executor unless such executor is first required to give bond and then fails or refuses to give such bond. Bell v. Still, 389 S.W.2d 605 (Tex.Civ.App.—Waco 1965) adopted 403 S.W.2d 353 (Tex.Sup. 1966). This is not the case here.

In view of the fact that the Alice National Bank has fully qualified and is acting as the independent executor of the estate of Sarita K. East, there can be no lawful appointment of a temporary administrator with full powers, because there cannot be two full administrations of the same estate existing at the same time. King v. King, 230 S.W.2d 335 (Tex.Civ. App.—Amarillo, 1950, wr. ref.). Article 132 of the Probate Code which authorizes the appointment of a temporary administrator is inapplicable under the fact situation before us. There are no disputed fact questions here presented on this appeal, only questions of law. Therefore, the matter of the trial court's discretion is not involved. For these reasons I concur in the results reached in the majority opinion.